**PATTON et al. v. LEWIS et al.**

No. 3037.

Circuit Court of Appeals, Tenth Circuit.

Dec. 20, 1944.

E. V. Holland, of Denver, Colo., for appellants.

Walter W. Blood, of Denver, Colo. (Bancroft, Blood & Laws, of Denver, Colo., and Arthur W. Hershberger, of Wichita, Kans., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

H. W. Lewis, J. H. Cromwell, I. W. Murfin, and Robert E. Barbour, doing business as a co-partnership under the name of Three Way Drilling Company, instituted this action against Frank D. Patton, L. A. Bastin, and Frank D. Patton, trustee, to recover on a contract for the drilling of a well for oil and gas. The cause was tried to the court without a jury. Plaintiffs prevailed, and defendants appealed. For convenience, reference will be made to the parties as they appeared in the trial court.

The first and second points relied upon for reversal of the judgment are that the evidence is insufficient to support the judgment and that the findings and judgment are against the law and the evidence. These may be considered together. Plaintiffs owned an oil and gas lease covering certain land. The contract between the parties, in the form of letters, provided

that for the sum of $6,000 plaintiffs would drill a well on the lease to a sufficient depth to test the Arbuckle lime formation; that if the well should warrant testing, plaintiffs would run the oil string, move in a drilling-in unit, and drill in the well; that plaintiffs would convey to defendants an undivided one-half interest in the lease; and that $6,000 which defendant Patton held in trust would be delivered to plaintiffs when the contract was completed. The court found and concluded that plaintiffs drilled the well in a proper and efficient manner to a depth of thirty feet in the Arbuckle formation; that they made a sufficient test of the well; that the geological data ascertained by competent geologists, and a Schlumberger test, were such that no further test was warranted; that the well was completed and proved to be unproductive; and that plaintiffs fully performed all of the conditions precedent of the contract. It would not serve any useful purpose to review the evidence in detail. It may be said in resume that the findings are not clearly erroneous, due regard being had for the opportunity of the trial court to observe the witnesses while testifying, judge their qualification, appraise their credibility, and determine the weight to be accorded their testimony. Therefore the findings are not to be disturbed on appeal. Prudential Insurance Co. v. Carlson, 10 Cir., 126 F.2d 607; Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338; Davies v. Lahann, 10 Cir., 145 F.2d 656. And since plaintiffs fulfilled the contract in the manner outlined in the findings, and were ready to convey to defendants the half interest in the lease, it cannot be said that the judgment is illfounded in law.

The third point is that the motion for new trial should have been granted on the specific grounds that the letters were only memoranda of the contract and that the court should have admitted parol evidence to show the entire contract between the parties. It is well settled that a motion for rehearing or new trial for error of fact is addressed to the sound judicial discretion of the trial court and that the action taken thereon is not open to review on appeal unless there was an abuse of such discretion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L. Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129; Viles v. Prudential Insurance Co., 10 Cir., 107 F.2d 696, certiorari denied, 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied, 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972. No abuse of discretion is shown in the denial of this motion.

Though not presented by a point relied upon for reversal except in connection with the denial of the motion for new trial, the principal argument of defendants is addressed to the exclusion of evidence relating to a verbal understanding or agreement of the parties, entered into prior to the writing of the letters on which the action is predicated. It is said that the letters show on their face that they are incomplete as a written contract; that ambiguity exists; and that parol evidence tending to show the verbal understanding should have been admitted. Certain questions were propounded, particularly to the defendant Bastin, which indicated on their face a purpose to prove the existence of an agreement resting in parol relating to the manner of drilling in the well and the test to be made of it. But when objections were sustained to the questions, no offer was made of the substance of the testimony which the witness would give. It is the general rule that where an objection to a question propounded to a witness is sustained an offer must be made disclosing the substance of the proffered evidence, otherwise the ruling of the court fails to constitute a basis for reversal of the judgment. New York Life Insurance Co. v. Doerksen, 10 Cir., 75 F.2d 96.

Furthermore, only the defendant Patton pleaded that the letters failed to constitute the entire contract. He alone pleaded a verbal agreement. The defendant Bastin did not join in that plea. Not having tendered the issue, the defendant Bastin is in no position to complain of the exclusion of the evidence. And the defendant Patton, after testifying that he was present at the time and place referred to in the questions propounded to the defendant Bastin, testified categorically that the general details of how the well would be drilled were not gone into, and that nothing was said as to how it was to be drilled or anything of that kind. In view of that clear and positive testimony coming from the lips of Patton himself, he cannot be heard to say that he was prejudiced by the sustaining of the objections to the questions propounded to the defendant Bastin.

The judgment is affirmed.