**Tom MORGANO, Plaintiff-Appellant,**

v.

**Alva PILLIOD, District Director of Immigration and Naturalization Service, Chicago, Illinois, Defendant-Appellee.**

**No. 13407.**

United States Court of Appeals
Seventh Circuit.

Feb. 5, 1962.

Rehearing Denied March 7, 1962.

**218**

Richard E. Gorman, Anna R. Lavin, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Robert N. Caffarelli and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., Charles Gordon, Regional Counsel for Northwest Region, Immigration and Naturalization Service, Washington, D. C., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This action is based on a complaint for a review of an order of deportation issued against the plaintiff herein. De-

fendant moved for summary judgment. The District Court granted the motion and from the judgment entered in favor of the defendant, this appeal is taken.

Plaintiff was born in Italy and entered this country in 1922. On June 5, 1959, plaintiff was served with an order to show cause why he should not be deported. The charges in the order were that plaintiff, an alien, was deportable under Sec. 241(a) (4) of the Immigration and Nationality Act in that after entry to this country he was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

The evidence disclosed that on December 29, 1938, in the United States District Court for the Northern District of Indiana, South Bend Division, plaintiff and three others were convicted of the offense charged in a one-count indictment of conspiracy to violate the Internal Revenue Act. Plaintiff was sentenced to 180 days and served five months of that term in a federal correctional institution.

On January 10, 1941, in the same court, upon pleas of guilty, plaintiff and others were found guilty of violation of United States Code, Title 18, § 88 (now Section 371 of Title 18), "Conspiracy to commmit offense or to defraud United States." A sentence of two years was imposed and plaintiff served time in a federal correctional institution.

Fingerprint evidence was received to identify plaintiff as the defendant Morgano who had served time at the federal correctional institution at Milan, Michigan, and also at the United States Penitentiary at Terre Haute, Indiana.

Plaintiff argues that Sec. 1251 (a) (4) of Title 8 U.S.C.A., upon which the deportation order was based, is unconstitutional in that it offends against the Fifth Amendment. Plaintiff also argues that the section is an *ex post facto* law and therefore violates Article I, Sec. 9, Clause 3 of the Constitution.

The District Director contends that we may not consider the question of con-

stitutionality of the Act because plaintiff did not raise the point or make this contention before the Administrative Agency or in the District Court.

In the ordinary civil suit, jurisdictional questions may be raised at any time even by the reviewing court *sua sponte*. However, the constitutionality of a statute is not necessarily a jurisdictional issue as that term is commonly understood. In 4 C.J.S. Appeal and Error § 234, it is stated: "It is a rule of general application that the constitutionality of a statute cannot be first questioned on appeal * * *. Under various circumstances, however, the constitutionality of a statute may be first considered on appeal * * *. [W]here the question of constitutionality involved is one of jurisdiction of the subject matter, since jurisdiction of subject matter cannot be waived or conferred by the parties, the court may consider the question for the first time on appeal. * * *" (footnotes omitted.)

Although the constitutionality of a statute may, at times, be a jurisdictional question, such is not generally the case. In the case at bar, no question has been raised that the Immigration and Naturalization Service in any manner lacks jurisdiction over aliens and deportation proceedings. In a somewhat similar situation, Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L. Ed. 545, the Supreme Court did not consider the constitutionality of a statute as a jurisdictional matter which could be raised for the first time on appeal. In that case the defendant, on appeal, attacked the constitutionality of the Act under which he was convicted. The Supreme Court, at pages 78–79, 47 S.Ct. at page 301, said, "There was no challenge to the constitutionality of the Opium Act in the District Court. This question was not presented in that court and was neither considered nor determined by it. The objections to the constitutionality of the Act which were set out in the assignment of errors are fully answered in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed.

904, decided after this writ of error had been sued out; and the additional objections set forth for the first time in the brief for the defendant in this Court, do not require consideration here."

We would be justified in refusing to consider the question of constitutionality of 8 U.S.C.A. § 1251(a) (4) because the appellant has raised that question for the first time on appeal. However, the point is not of great importance here because were we to consider the issue on the merits, we would follow the decision of this Court in United States ex rel. Circella v. Sahli, 7 Cir., 216 F.2d 33, 40–41, where we rejected arguments similar to those now urged by the appellant.

As to plaintiff's argument based on the claim of *ex post facto* invalidity, we pointed out in United States ex rel. Circella v. Sahli, 7 Cir., 216 F.2d 33, page 40: "* * * Since deportation statutes are not criminal they cannot be *ex post facto*. 'There is no question as to the power of Congress to enact a statute to deport aliens because of past misconduct.'" (Citing cases.)

■ Plaintiff claims error in that Exhibits 15, 16, 17, 18, 19 and 20 were improperly received in evidence. It is, of course, well settled that the rules of evidence covering judicial proceedings are not applicable to administrative deportation proceedings. The only determination the administrative tribunal needs to consider on the question of admissibility of evidence is whether the evidence is reasonable and of probative value. United States ex rel. Marcello v. Ahrens, 5 Cir., 212 F.2d 830, affd. sub nom. Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107; United States ex rel. Doukas v. Wiley, 7 Cir., 160 F.2d 92; Bufalino v. Holland, 3 Cir., 277 F.2d 270, 281, cert. denied 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed. 2d 85.

■ Plaintiff contends that Exhibit 17 was improperly received in evidence. This is a finger print card. Investigator Johnson testified he took the prints and he identified the plaintiff as the per-

son who was "printed." He also stated that finger printing was required by regulations. The Agency regulation which required the alien to be finger-printed is found in 8 CFR 242.4. We find no error in the admission of Exhibit 17. Holt v. United States, 218 U.S. 245, 252–253, 31 S.Ct. 2, 54 L.Ed. 1021; United States v. Kelly, 2 Cir., 55 F.2d 67, 83 A.L.R. 122.

■ Exhibit 18 is an alien registration form and finger prints. We upheld the admissibility of a similar exhibit in United States ex rel. Circella v. Sahli, 7 Cir., 216 F.2d 33, 38. Without discussing in detail the other exhibits named by plaintiff, it suffices to say we have considered plaintiff's arguments with respect thereto but hold there was no error committed in receiving such exhibits into evidence.

■ Plaintiff also urges that Exhibits 11 and 12 should not have been received. These exhibits pertain to the prior convictions of plaintiff. It is plaintiff's contention that the crimes to which plaintiff pleaded guilty in one case and of which he was found guilty in the other, did not involve moral turpitude. Plaintiff urges that the reliance which the Government has placed upon Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, is unwarranted.

The plaintiff in the case at bar was named as a co-conspirator in the indictment in the DeGeorge case. Referring to that indictment, the Supreme Court stated, 341 U.S. at pages 224–225, 71 S.Ct. at page 704: "He [DeGeorge] was charged with conspiring to 'unlawfully, knowingly and willfully defraud the United States of tax on distilled spirits.' After being tried and found guilty in 1941, he was sentenced to imprisonment for two years."

We think the DeGeorge case is not only pertinent but is controlling. The Court there stated, 341 U.S. at page 226, 71 S.Ct. at page 705: "Respondent has on two separate occasions been convicted of the same crime, conspiracy to defraud the United States of taxes on dis-

tilled spirits. Therefore, our inquiry in this case is narrowed to determining whether this particular offense involves moral turpitude." The Court specifically held that it did.

In plaintiff's lengthy brief a number of additional questions are raised. We have carefully considered each one. We find plaintiff's contentions with reference thereto to be without merit. It would unduly extend this opinion to discuss each one of them. We think we have discussed the controlling issues.

We hold that the plaintiff herein was afforded procedural due process. The order of deportation is based upon a record of substantial evidence. The judgment of the District Court is

Affirmed.