Mrs. Dorothy **WHITEHEAD**, Mrs. **Billie J. Powell**, Mrs. **Edith Davis**, individually and as guardian of the Estate of **Linda Kay Whitehead**, and **Jo James Whitehead**, Appellants,

v.

B. M. **SALYER**, Jr., d/b/a Salyer Refining Company of Texas, Appellee.

No. 7801.

United States Court of Appeals
Tenth Circuit.

May 24, 1965.

No appearance for appellants, submitted on briefs.

Walter D. Hanson, of Hanson & Peterson, Oklahoma City, Okl. (Leslie L. Conner, of Conner, Little & Conner, Oklahoma City, Okl., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Julian Billy Whitehead was killed in an explosion at Hurst, Texas, while working in the scope of his employment with Salyer Refining Company of Texas. His beneficiaries were paid the statutory workmen's compensation and now seek an additional award of exemplary damages recoverable under Texas law where the employee's death "is occasioned by homicide from the wilful act or omission or gross negligence" of the employer. Vernon's Ann.Texas Civ.Stat. tit. 130, art. 8306, § 5.[1] The action was brought in the District Court for the Western District of Oklahoma under diversity jurisdiction and was concluded by an order of the trial court directing a verdict in favor of the defendant-appellee. Appellants, the wife and minor children of the

1. "Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter. * * *"

See also Article 16 § 26, Texas State Constitution, Vernon's Ann.St.

deceased, assert the judgment so entered to be in error through contention that the evidence established a prima facie case of gross negligence or would have if the trial court had not erroneously excluded the testimony of an alleged expert witness called by appellants.[2]

The Supreme Court of Texas has had very recent occasion to review and examine the degree of proof necessary to establish a claim to recovery such as appellants now make. In the 1964 case of Sheffield Division, Armco Steel Corp. v. Jones, 376 S.W.2d 825, at 828, the Texas court gave approval to the following:

"Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Missouri Pacific Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408.

And:

"A mere act of omission or nonfeasance, to be punishable by exemplary damages, should reach the border-line of a *quasi*-criminal act of commission or malfeasance." Southern Cotton Press & Manufacturing Co. v. Bradley, 52 Tex. 587.

 A summary of appellants' evidence of the circumstance of Mr. Whitehead's death, viewed *most favorably to* their claim,[3] indicates clearly that appellants did not establish a prima facie case.

The Salyer plant at Hurst, Texas, was engaged in the reclaiming of used motor oil. The process consisted of removing impurities from used oil by heat and filtering. At the time of Mr. Whitehead's fatal accident the plant was not in active production but was undergoing maintenance and renovation, including the cleaning of a hold-over or storage tank. This tank was empty of oil and was being cleaned by Whitehead by the removal of an accumulation of a claylike substance (fuller's earth) which had settled at the bottom of the tank. He was simply shoveling the matter out through a door at the base of the tank when suddenly a flash explosion occurred which severely burned him and ultimately resulted in his death. Claimants' evidence showed that Whitehead had received no specific instructions as to how to do his work, that the company had no posted safety regulations and that the storage tank had not been steam-cleaned. The evidence also indicated that the tank was permanently vented and had been cleaned upon prior occasions without special precautions and without incident.

No precise cause for the explosion was shown. A fellow worker indicated a belief that a spark from Whitehead's shovel or the bursting of an electric light globe had ignited gas fumes. A shattered, ordinary light globe attached to an extension cord was found near the tank after the explosion but there was no evidence as to who had obtained the equipment from the garage where it was normally kept. Explosion proof light globes were obtainable.

Although the evidence might be capable of supporting a permissive finding of negligence upon the part of appellee, it is remarkably similar to although less impressive than the evidence rejected by the Texas Supreme Court in the Sheffield case, supra, as insufficient to support recovery for exemplary damages.

 Appellants also offered as an expert witness one Turner who had had considerable practical experience in the field of safety in the petroleum industry but had no actual experience in the reclaiming of used oil. The trial court ruled the witness not qualified as an expert upon the relevant subject matter. Such a ruling is one primarily for the discretion of the trial court and will not be upset upon appeal ab-

---

2. Appellants did not appear in this court, limiting themselves to their brief. We do not consider arguments contained in their statement of points relied upon for appeal but neither briefed nor argued before this court.

3. Mutual Life Ins. Co. v. Bohlman, 10 Cir., 328 F.2d 289, 295.

sent a clear abuse of discretion, e. g., Barnes v. Smith, 10 Cir., 305 F.2d 226, 232; Continental Oil Co. v. Ryan, Okl., 392 P.2d 492, 499; Hernandez v. H. S. Anderson Trucking Co., Tex.Civ.App., 370 S.W.2d 909, 911; see II Wigmore on Evidence, 3d ed., § 561. In the case at bar, even if the witness qualified, appellants submitted to the ruling after objection without proffering the substance of the witness's testimony, and we cannot make intelligent review of the relevancy of the intended opinion evidence. Patton v. Lewis, 10 Cir., 146 F.2d 544, 545; Massachusetts Mutual Life Ins. Co. v. Brei, 2 Cir., 311 F.2d 463, 473–475 (concurring opinion). See Rule 43(c), Fed.R.Civ.P. Further, assuming, *arguendo*, that it may be presumed that the witness would testify that generally accepted safety precautions were violated by the use of an ordinary light bulb (appellants' principal contention) and the failure to post safety regulations the additional proof would still be insufficient to premise recovery upon gross negligence.

We find no error in the judgment.

Affirmed.