UNITED STATES of America, Plaintiff-Appellee,

v.

Jesse HOSKINS, Defendant-Appellant.

No. 16830.

United States Court of Appeals Seventh Circuit.

Jan. 8, 1969.

Rehearing Denied Feb. 7, 1969.

Julius Lucius Echeles, Howard W. Minn, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Chicago, Ill., for appellee, John Peter Lulinski, William P. Cagney, David R. Mackenzie, Asst. U. S. Attys., of counsel.

Before HASTINGS, SWYGERT and KERNER, Circuit Judges.

SWYGERT, Circuit Judge.

The defendant, Jesse Hoskins, appeals his conviction and sentence for violation of the federal narcotics laws relating to the possession of heroin, under 21 U.S.C. § 174. The evidence, viewed in a light most favorable to the Government, shows that on the night of October 18, 1967 Federal Narcotics agent Carl Jackson and an Illinois state inspector, John Karstan, were driving on the south side of Chicago near 82d and Peoria Streets. After rendezvousing with federal agents Charles Hill and Richard Smith, the four agents observed the defendant turn his car into an alley and park behind his home at 8211 Peoria Street. Relying on the fact that there was a warrant on file for the defendant's arrest, agents Jackson and Karstan drove up behind the defendant's car. According to Jackson's testimony, as he and Karstan left their car and approached the defendant's car, the defendant reached underneath the seat and appeared to place something there. The agents went to the car, opened the doors, asked the defendant to get out of the car, and placed him under arrest for the narcotics charge which was the basis of the prior warrant.

As the defendant exited from the car, agent Jackson inquired what the defendant had placed underneath the seat. The defendant denied putting anything there. Agent Jackson reached under the seat

and discovered a small manilla envelope containing white powder. This white powder proved to be heroin. The principal theory of the defense at trial was that the manilla envelope containing heroin was secreted by agent Jackson in the defendant's automobile at the time of arrest.

Numerous errors are assigned in this appeal: the unconstitutionality of the statute upon which the defendant was convicted, an erroneous jury instruction outlining the elements of the crime, ineffective assistance of counsel, introduction into evidence of the fact that the defendant was under indictment for other crimes, limitation of cross-examination, and the impropriety of the sentencing procedure. Although some of these assignments of error border on the frivolous, others do require discussion.

■ The most vigorously asserted argument is that the statute under which the defendant was convicted is unconstitutional. Specifically, the defendant attacks the presumptive feature of section 174 which provides that:

Whenever on trial for violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

It is urged that this presumption is a violation of the defendant's rights under the fifth, sixth and fourteenth amendments. Although the defendant concedes that the precise question he raises has been previously decided adversely to him in Yee Hem v. United States, 268 U.S.

178, 45 S.Ct. 470, 69 L.Ed. 904 (1925),[1] he nonetheless maintains that United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and the self-incrimination trilogy Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) have _sub silentio_ put into question the _Yee Hem_ holding. In spite of the fact that it is interesting to note that the Supreme Court in none of the latter cases specifically addressed itself to the presumptive features contained in the statutes there in issue, it is not necessary for us to reach this constitutional question because it is our view that since the defendant did not raise the constitutional issue here presented at the trial level, which was the earliest possible occasion, he is now precluded from doing so.

■ That constitutional questions which are nonjurisdictional must be asserted at trial to preserve them for appeal is a well settled doctrine in the Supreme Court,[2] this circuit as well as many other circuits.[3] For example, in Morgano v. Pilliod, 299 F.2d 217, 219 (7th Cir.), cert. denied, 370 U.S. 924, 82 S.Ct. 1564, 8 L.Ed.2d 505 (1962), in response to the Government's contention that the court could not consider the appellant's claim that 8 U.S.C. § 1251(a) (4) was unconstitutional because the point was not raised below, this court, in reliance on the decision in Wong Tai v. United States, 273 U.S. 77, 47 S.Ct.

1. But see United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965) (Black & Douglas, JJ., dissenting).

2. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Head v. New Mexico Board, 374 U.S. 424, 432 n. 12, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963); Glidden Co. v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962).

3. Wabash Ry. Co. v. City of St. Louis, 64 F.2d 921 (8th Cir. 1933); Keyes v. Madsen, 86 U.S.App.D.C. 24, 179 F.2d 40 (1949), cert. denied, 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950); Evangelical Lutheran Church v. Stanolind Oil & Gas Co., 251 F.2d 412 (8th Cir. 1958); Rubin v. United States, 289 F.2d 195 (5th Cir. 1961); Werner v. Hearst Publishing Co., 297 F.2d 145 (9th Cir. 1961); Cox v. City of Freeman, 321 F.2d 887 (8th Cir. 1963).

300, 71 L.Ed. 545 (1927) stated: "We would be justified in refusing to consider the question of constitutionality of * * [the statute] because the appellant has raised that question for the first time on appeal." 299 F.2d at 219.

■ Waiver of the defendant's right to assert this constitutional argument likewise requires that this court not consider the defendant's suggestion that we should withhold determination in this case pending the Supreme Court's decision in Leary v. United States, 383 F.2d 851 (5th Cir. 1967), cert. granted, 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362 (1968), and United States v. Covington, 282 F.Supp. 886 (S.D.Ohio), prob. juris. noted, 89 S.Ct. 238, 393 U.S. 910, 21 L.Ed.2d 197 (Oct. 21, 1968). The defendant contends that the "precise issue" of section 174's constitutionality, that is, whether there is a rational connection between the fact proved (defendant's possession of the narcotic drug) and the ultimate fact presumed (the illegal importation of the heroin and defendant's knowledge of this illegal importation), is before the Court in Leary and Covington. To meet this argument the Government points out that the Court's review in the two cases is limited to the question of the factual basis of the presumption contained in the marijuana statute, 21 U.S.C. § 176a, and the fifth amendment ramifications of the registration and tax provisions of 26 U.S.C. §§ 4741(a), 4742. We need not consider these contentions or their implications in light of the ruling in *Pilliod.*

■ The second alleged error is that the district court's instructions were erroneous in that they advised "the jury that the government need not prove that the narcotics were imported into the United States." This argument is not only without merit in light of this court's standard of jury instruction review set forth in United States v. Phillips, 217 F.2d 435, 443 (7th Cir. 1954), and United States v. Schwartz, 398 F.2d 464, 469 (7th Cir. 1968), but also it is an assign-ment of error which the defendant is precluded from asserting on review in light of the fact that the challenged instruction was never objected to at trial. This latter conclusion is based on Fed.R. Crim.P. 30 which in part provides: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■■ Another error asserted by the defendant is that he was "denied a fair trial because the government introduced evidence" that he "was under indictment for other crimes." The cases cited by the defendant, such as Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), are inapplicable to the facts before us. There are well established exceptions to the general rule that evidence of other crimes is inadmissible. One of the exceptions which has been invoked by this court is that the evidence of other crimes is admissible when it is so blended or connected with the one on trial that proof of one incidentally involves the other. United States v. McCartney, 264 F.2d 628 (7th Cir.), cert. denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959); United States v. Levine, 372 F.2d 70 (7th Cir.), cert. denied, 388 U.S. 916, 87 S.Ct. 2132, 18 L.Ed.2d 1359 (1967). The evidence complained of by the defendant on appeal is the testimony of agent Jackson regarding a conversation he had with the defendant at the time of his arrest. Without objection Jackson testified: "I told him [the defendant] he was under arrest for violation of the Federal Narcotics laws, that there was a warrant on file for his arrest, identified myself. * * *" The other reference to the warrant for another crime was made in the Government's opening statement: "[S]ome agents of the Federal Bureau of Investigation knowing that legal process existed for the arrest of the defendant. * * *" Neither of these references involves a situation where the

evidence of prior crimes was clearly offered to show the defendant's bad character or the probability of his guilt.

We have considered the other contentions made by the defendant and find them to be without merit.

The judgment of conviction is affirmed.