**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald E. MIELKE et al., Defendants-
Appellants.**

**Crim. No. 73–54.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

May 2, 1973.

William R. Burkett, U. S. Atty., O. B. Johnston, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Dan Seitsinger, Oklahoma City, Okl., for defendants-appellants.

DAUGHERTY, Chief Judge.

This is an appeal from the decisions and judgments (of conviction) and orders of probation made by the United States Magistrate for this District in each of the three consolidated cases involved in this appeal. This appeal is pursuant to Rule 8, Rules of Procedure for the Trial of Minor Offenses before United States Magistrates. The Defendants were each charged with a violation of Title 16, United States Code, §§ 703, 707 (Title 50 C.F.R. § 10.36),[1] a petty offense, which prohibits, inter alia, leaving migratory game birds at any place (other than at one's personal abode), unless such birds have a tag attached, signed by the hunter, stating his address, the total number and species of birds, and the dates such birds were killed. Each Defendant was found guilty as charged by the United States Magistrate, was sentenced to imprisonment for a period of thirty (30) days which sentence was suspended with each Defendant being placed on probation for a period of three years. The Court imposed two conditions on each probationary sentence. Each Defendant was fined the sum of $300.

In their appeal each Defendant claims, that (1) the Government failed to allege or prove an offense which violated 50 C.F.R. § 10.36, (2) such regulation is vague, overbroad, ambiguous and is unconstitutional by reason thereof, and (3) the United States Magistrate erred in not allowing Defendants to produce evidence that the said regulation was administratively interpreted by a Federal official and others to not prohibit a hunter leaving untagged birds at a place other than his personal abode. All these complaints were properly raised before the United States Magistrate.[2]

It is undisputed and in fact admitted by the Defendants that each of them shot certain migratory game birds at or near Skip Out Lake at Rogers Mills

---

1. This regulation reads as follows:

   "No person shall put or leave any migratory game birds at any place (other than at his personal abode), or in the custody of another person for picking, cleaning, processing, shipping, transportation, or storage (including temporary storage), or for the purpose of having taxidermy services performed, unless such birds have a tag attached, signed by the hunter, stating his address, the total number and species of birds, and the date such birds were killed. Migratory game birds being transported in any vehicle as the personal baggage of the possessor shall not be consid-ered as being in storage or temporary storage."

2. For the first time on appeal Defendants contended that if they had complied with the regulation as the same was interpreted by the United States Magistrate it would have required them to incriminate themselves and is therefore unconstitutional. This complaint is not jurisdictional, was not raised below and will not be considered on this appeal. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Morgano v. Pilliod, 299 F.2d 217 (Seventh Cir. 1962); Rubin v. United States, 289 F.2d 195 (Fifth Cir. 1961).

County, Oklahoma and that upon leaving their camp in the area they left the birds behind and that the same were not tagged as prescribed in 50 C.F.R. § 10.-36.

■■ The United States Magistrate found and concluded that the regulation prohibited hunters leaving migratory game birds at any place other than their personal abode unless the same were tagged as prescribed and that the Government had proved in each case an offense under said regulation. The United States Magistrate refused to accept the Defendants' interpretation of said regulation that it only required tagging when the birds were left, (1) in the custody of another person for picking, cleaning, shipping, etc. or (2) for storage or (3) for the purpose of having taxidermy services performed. The United States Magistrate was correct in declining Defendants' interpretation of the regulation. The regulation clearly and without doubt or ambiguity prohibits the leaving of migratory game birds unless tagged in four separate situations, namely, (1) leaving the same at any place other than at the hunter's personal abode, (2) leaving the same in the custody of a person for picking, clean-

ing, shipping, etc., (3) leaving the same for storage, and, (4) leaving the same for the purpose of having taxidermy services performed. This is the clear and unquestioned intent of the regulation. The Defendants clearly violated the regulation by leaving the birds without such tags at their hunting camp and the actions of the United States Magistrate in finding such violations should be affirmed.

■ The regulation is not vague, overbroad or ambiguous. To the contrary the language of the regulation is quite clear, it has a clear legislative purpose, it has been properly interpreted by the United States Magistrate and is not unconstitutional as claimed by Defendants.[3]

■■ Apparently the Defendants desired to bring out by cross examination that a Federal official in enforcing this regulation did not interpret or administer the same to prohibit the leaving of migratory game birds in untagged condition at a place other than their personal abode.[4] An administrative interpretation if authoritatively made is entitled to consideration but it is the province and duty of the Court to interpret laws and regulations[5] and if the same are

3. Rucker v. Wabash Railroad Company, 418 F.2d 146 (Seventh Cir. 1969) at p. 149 provides:
    "Administrative regulations, like statutes, must be construed by courts, and the same rules of interpretation are applicable in both cases. II Sutherland, Statutes and Statutory Construction, § 4007, p. 280 (3d ed. 1943). Like statutes, administrative rules are to be construed to effectuate the intent of the enacting body. United States v. Miller, 303 F.2d 703 (9th Cir. 1962). To this end, courts look first to the plain language of the statute or rule and the legislative purpose behind its enactment. Where statutory language and objective appear with reasonable clarity, they are not to be overcome by resort to mechanical rules of construction, whose function is not to create doubts but to resolve them when the real issue or statutory purpose is obscure. United States v. California, 297 U.S. 175, 186, 56 S.Ct. 421, 80 L.Ed. 567; United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982."
    50 Am.Jur. Statutes § 358 provides:

    ". . . a statute should not be construed in such manner as to render it partly ineffective or inefficient if another construction will make it effective. Indeed, it is a cardinal rule of statutory construction that significance and effect should, if possible, without destroying the sense or effect of the law, be accorded every part of the act, including every section, paragraph, sentence, clause, phrase, and word. Under this rule, that construction is favored which will render every word operative, rather than one which makes some words idle and nugatory . . ."

4. Other witnesses apparently examined in this vein were not Federal officials charged with enforcing this regulation.

5. Rucker v. Wabash Railroad Company, supra; Whitehead v. Salyer, 346 F.2d 207 (Tenth Cir. 1965); 2 Am.Jur.2d, Administrative Law, Sec. 306.

clear and unequivocal, as the case here, it is not necessary or appropriate for the Court to receive the personal opinions of one who may be in the business of enforcing the regulation or law. Moreover, Defendants made no offer of proof as to what the answers of the various witnesses would have been in this respect had they been permitted to answer the same. The Court cannot speculate in these circumstances as to what their answers might have been. Their answers might well have been unfavorable to the position the Defendants take in this regard. Patton v. Lewis, 146 F. 2d 544 (Tenth Cir. 1944).

Affirmed.