**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William F. RAY, Defendant-Appellant.**

**No. 73-1430.**

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 14, 1973.

Decided Nov. 26, 1973.

16

William R. Burkett, U. S. Atty., and
·O. B. Johnston, III, Asst. U. S. Atty.,
for plaintiff-appellee.

Daniel Seitsinger, Oklahoma City,
Okl., for defendant-appellant.

Before HILL, BARRETT and
DOYLE, Circuit Judges.

**PER CURIAM.**

Appellant appeals from his conviction of a violation of the Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq., and the regulations enacted thereunder. Specifically, he appeals from his conviction for failure to tag nine game birds as required by 50 C.F.R. § 10.36. The matter was tried before a United States Magistrate sitting without a jury and the conviction was affirmed on appeal to the district court.

The facts are not in dispute: Appellant and two hunting companions embarked upon a duck hunting trip in and around the Skip Out Lake area in Roger Mills County, Oklahoma on December 9, 1972. They established a camp site and during the following week of hunting killed approximately 37 ducks. They cleaned and dressed 10 of the ducks and left the remaining 27 ducks at the campsite uncleaned in a plastic bag. None of the ducks was tagged.

On December 15, 1972 Ranger Ron Cunningham of the Oklahoma Wildlife Commission saw appellant and his two companions leaving the area. He had had contact with them earlier in the week with respect to a possible hunting violation, and he therefore decided to check their former campsite. He proceeded to the campsite where he discovered the 27 ducks which had been left behind. Ranger Cunningham shortly thereafter contacted Game Management Agent LaVerne Broyles of the United States Department of Interior Bureau of Sport, Fisheries, and Wildlife with respect to a possible violation of the Migratory Bird Treaty Act. Agent Broyles investigated the matter, and appellant and his two companions were subsequently charged and convicted of failure to tag migratory game birds as required by 50 C.F.R. § 10.36. A charge of wanton waste of migratory game birds in violation of 50 C.F.R. § 10.25 was dismissed prior to trial. Appellant's two companions have not appealed.

On appeal, appellant essentially contends that (1) the regulation in issue has been expanded by judicial construction to make criminal a course of conduct not otherwise proscribed; (2) the complaint fails to charge an offense; (3) the court erred in excluding certain evidence; (4) the regulation violates the Fifth Amendment due process clause since criminal intent is not an element of the offense; and (5) the regulation violates the Fifth Amendment self incrimination clause since it forces a hunter to provide potentially incriminating information.

Appellant's first contention involves basically a question of statutory construction.

16 U.S.C. § 703 makes it a criminal offense to hunt migratory game birds under any circumstances. 16 U.S.C. § 704 qualifies this absolute prohibition by allowing such hunting but only in accordance with the specific regulations promulgated by the Secretary of the Interior for the hunting of such birds. The regulation with which we are concerned is set forth in 50 C.F.R. § 10.36 and reads as follows:

"§ 10.36 Tagging requirement.

No person shall put or leave any migratory game birds at any place (other than at his personal abode), or in the custody of another person for picking, cleaning, processing, shipping, transportation, or storage (including temporary storage), or for the purpose of having taxidermy services performed, unless such birds have a tag attached, signed by the hunter, stating his address, the total number and species of birds, and the date such birds were killed. Migratory game birds being transported in any vehicle as the personal baggage of the possessor shall not be considered as being in storage or temporary storage."

Appellant contends that the regulation makes it a crime to fail to tag a game bird only if the bird is left with someone other than the hunter for one of the specific purposes set forth in the regulation. Since the untagged birds here were left at the campsite, he argues that

to include such a course of conduct within the activities prohibited by the regulation is a judicial enlargement of the regulation which violates the due process clause. Appellant's argument is rooted in the principle that one cannot be held criminally responsible for his conduct unless he has prior reasonable notice that his contemplated course of conduct is proscribed.[1]

We think that the regulation clearly covers appellant's conduct and that he had adequate notice that such conduct was possibly proscribed.

■ It is a cardinal tenet of statutory construction that statutes are to be construed to effectuate the intent of the enacting body, and that in construing a statute, the court first looks to the language of the statute. Where the language is clear and the purpose appears with reasonable certainty, there is no need to resort to rules of construction to ascertain its meaning. This same rule applies in construing administrative regulations such as the one in question here. Rucker v. Wabash Railroad Co., 418 F.2d 146 (7th Cir. 1969).

■ Applying this rule to the regulation before us, we think the regulation clearly requires a hunter to tag his prey in four situations: When he leaves it (1) at any place other than his home; (2) in the custody of another for picking, cleaning, etc.; (3) for storage; and (4) for the purpose of having taxidermy services performed. These four situations are clearly set forth in the regulation and each is separated with a comma and joined to the preceding requirement by the disjunctive conjunction or, i. e., the conjunction or indicates four alternative situations in which tagging is required.

As noted previously, the hunting of migratory game birds is by statute absolutely prohibited except in accordance with the regulations established by the Secretary of Interior. Hence, we think

this absolute prohibition provided appellant with adequate notice that he hunted at his peril and that his conduct was possibly proscribed; he was engaging in a privileged activity and it was encumbent upon him to design his conduct such that it would not breach that privilege.

■ Appellant's second contention that the complaint fails to charge an offense since it does not charge that the birds were left for a purpose is, in view of the preceding, without merit. The regulation clearly prohibits the leaving of a game bird at any place other than the home without affixing the required tag, and no specific purpose is necessary to charge an offense.

■ At trial, appellant attempted to elicit from various law enforcement officials their opinions as to the circumstances under which the regulation requires the tagging of game birds, and whether they thought appellant had violated the regulation in issue. Appellant contends that the court erroneously sustained appellee's objections to all such questions. It is, of course, well settled that the relevancy of evidence offered at trial and the admission and exclusion of such evidence is within the sound discretion of the trial court, and the court's judgment on such matters will not be impugned on appeal unless it appears that in allowing or excluding such evidence the court abused its discretion. United States v. Acree, 466 F.2d 1114 (10th Cir. 1972), cert. denied 410 U.S. 913, 93 S.Ct. 962, 35 L.Ed.2d 278 (1973); United States v. Brumley, 466 F.2d 911 (10th Cir. 1972); United States v. Miller, 460 F.2d 582 (10th Cir. 1972); United States v. Twilligear, 460 F.2d 79 (10th Cir. 1972); Hale v. United States, 406 F.2d 476 (10th Cir. 1969), cert. denied 395 U.S. 977, 89 S.Ct. 2129, 23 L. Ed. 765 (1969). The questions in issue here called for conclusions of law and we cannot say the lower court abused its discretion in sustaining appellee's objec-

1. See e. g., Palmer v. City of Euclid, 402 U. S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1970) ; United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).

tions, particularly since no offer of proof was made which would provide a record upon which we could review the lower court's decisions and which, for example, might justify such questions as going to establish prior regulatory construction of the regulation in issue.[2]

Appellant strongly argues that the regulation in question violates the Fifth Amendment due process clause since it does not require proof that the actor undertook his course of conduct with criminal intent. We think this contention is answered by Judge (now Justice) Blackmun in Holdridge v. United States, 282 F.2d 302 (8th Cir. 1960), wherein he stated:

> "From these cases emerges the proposition that where a federal criminal statute omits mention of intent and where it seems to involve what is basically a matter of policy, where the standard imposed is, under the circumstances, reasonable and adherence thereto properly expected of a person, where the penalty is relatively small, where conviction does not gravely besmirch, where the statutory clime is not one taken over from the common law, and where congressional purpose is supporting, the statute can be construed as one not requiring criminal intent. The elimination of this element is then not violative of the due process clause. (citations omitted)." Holderidge v. United States, supra at 310.

See also United States v. Olson, 41 F. Supp. 433, Western District Ky., 1941; United States v. Reese, 27 F.Supp. 833, Western District Tenn., 1939.

 We think this principle is equally applicable to an administrative regulation. Here, the regulation was enacted pursuant to specific statutory authoriza-

tion and is encompassed within a set of regulations promulgated to enact the broad policy of protecting an important natural resource, migratory game birds. Violation of the regulation is a misdemeanor, 16 U.S.C. § 707, and a conviction does not gravely besmirch. Lack of a requirement of criminal intent does not render the regulation void.

 Finally, appellant contends that the regulation violates the Fifth Amendment self incrimination clause in that the purpose of the regulation is to force the hunter to provide incriminating information which might form the basis for prosecution under the Migratory Bird Treaty Act. This contention was not raised in the lower courts and hence is not properly before us on appeal. Simpson v. Union Oil Company of California, 411 F.2d 897 (9th Cir. 1969), rev'd on other grounds 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969); Eureka-Carlisle Co. v. Rottman, 398 F.2d 1015 (10th Cir. 1968); Cox v. City of Freeman, Mo., 321 F.2d 887 (8th Cir. 1963); Justheim Petroleum Co. v. Hammond, 227 F.2d 629 (10th Cir. 1955). Further, we do not perceive a serious constitutional question lurking in the background such as would warrant consideration of the issue in view of the fact that compliance with the regulation is not, as was true in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906 (1967); and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1967), a per se incriminating act, and since the regulation was promulgated in an "essentially non-criminal regulatory area" and is not "directed to a selective group inherently suspect of criminal activities."

Affirmed.

---

2. Cf. New Mexico Sav. and L. Ass'n. v. United States Fidelity and G. Co., 454 F.2d 328

(10th Cir. 1972); Whitehead v. Salyer, 346 F.2d 207 (10th Cir. 1965).