UNITED STATES of America, Appellee,

v.

William Franklin CHEW, III, Appellant.

No. 74–2349.

United States Court of Appeals, Fourth Circuit.

Argued July 14, 1976.
Decided Sept. 13, 1976.

---

4. See H.R.Rep.No.92–1441, note 2, *supra,* at 4705.

5. 391 F.Supp. 1143, 1148, note 1, *supra.*

William N. White and Samuel F. Kenney, Towson, Md. (Charles E. Brooks, Brooks & Turnbull, Towson, Md., on brief), for appellant.

John W. Sheldon, Asst. U.S. Atty., Baltimore, Md. (George Beall, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

CRAVEN, Circuit Judge:

On opening day of the Maryland dove hunting season, agents of the United States Bureau of Sports Fisheries issued a violation notice to the defendant. Chew was charged with exceeding the daily bag limit of 12 doves, and was tried and convicted by a United States magistrate. We affirm.

## I.

Federal agents watched the Bragel Farm near Baltimore, Maryland, on September 9, 1972. They saw Chew and three companions hunting mourning doves, a federally-protected species of migratory birds. Two agents later testified that they saw Chew *kill and retrieve* 19 doves. The third agent said that Chew *killed and retrieved* 22 birds. Since the daily bag limit for mourning doves was 12, Chew was cited by the agents for violation of federal hunting laws.[1]

Chew consented to be tried before a United States magistrate pursuant to 18 U.S.C. §§ 3401–02. The magistrate found that

---

1. Chew was originally charged with exceeding the daily bag limit on doves in violation of 16 U.S.C. § 703–11, 50 C.F.R. § 10.24 and wanton waste to migratory game birds, 50 C.F.R. § 10.25. The government voluntarily dismissed the wanton waste charge.

Chew had killed and retrieved 11 birds, and that he had also shot and killed ten other doves which he could not find and did not retrieve.[2] On April 17, 1973, the magistrate found Chew guilty of exceeding the daily bag limit, sentenced him to a prison term of 30 days, suspended, and imposed an 18-month probationary term conditioned upon payment of a $350 fine and requiring that Chew refrain from hunting migratory game birds during the probationary period. Chew appealed to the district court and thence to this court.

## II.

The only issue briefed is the constitutionality of the regulation under which Chew's conviction was obtained. Chew contends that the regulation is unconstitutionally vague.

The Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq. provides in part:

> Unless and except as permitted by regulations made as hereinafter provided in sections 703–711 of this title, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill . . . any migratory bird. . . .

Applicable regulations in effect on the date of the offense provided that "no person shall *take* in any one day, more than the daily bag limit . . . ." 50 C.F.R. § 10.-24 (emphasis added). At the time, 12 was the daily bag limit for mourning doves. 50 C.F.R. § 10.103(a). "Take" is defined by regulation to mean:

> (d) *Take.* Pursue, hunt, shoot, capture, collect, kill or attempt to hunt, shoot, capture, collect, or kill.

50 C.F.R. § 10.11(d)

We agree with Chew that this definition is vague, ambiguous and overbroad as applied to a "bag limit." Read literally the regulation could be said to put in one's "bag" a flock of 13 doves flying overhead if one pointed his gun at them. It is urged

that a regulation susceptible to such an absurd interpretation fails to give notice of that forbidden and is thus an affront to due process.

But Chew was not cited for merely pointing his gun at birds. He *killed,* by his own admission, at least 21. The regulation clearly equates "kill" with "take," and it is thus an offense to *kill* more than the daily bag limit. As applied to killing birds the regulation is precise and unambiguous. In cases where a statute or regulation is vague in its application to the conceivable range of human conduct but clear in its prohibition of specified, particular acts, one whose conduct falls within the narrow prohibition may not complain of its overall vagueness and generality. *Young v. American Mini Theatres, Inc.,* —— U.S. ——, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); *Parker v. Levy,* 417 U.S. 733, 752–61, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1973); *Broadrick v. Oklahoma,* 413 U.S. 601, 610–11, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1972); *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

As applied to Chew's conduct, the definition of "take" is sufficiently precise. Chew killed more than the daily bag limit of mourning doves. This is forbidden, and the conviction is accordingly affirmed.

## III.

At oral argument in this court Chew's attorneys contended that it is the universal custom among hunters to regard only birds *killed and retrieved* as included within the daily bag limit and that the regulation should be read in the light of custom. Since he retrieved only 11, he insists that according to the common understanding among hunters he actually "took" *one less* than the bag limit. Chew also claims that his method of computing daily bag limit has traditionally been employed by the Bureau in issuing violation notices. He suggests that evidence developed since

---

**2.** On appeal, Chew's attorneys candidly admit that he in fact killed 21 birds, but are adamant that only 11 were retrieved. We accept, as we

must, the magistrate's findings of fact favorable to the defendant.

his trial indicates that the strict language of the regulations is not generally enforced, and that hunters are not prosecuted unless found *in possession* of more than the daily bag limit.[3] Chew urges that, the constitutionality of the regulation aside, he is the victim of arbitrary enforcement.

Chew first raised this point by a "Motion for New Trial on Appeal" filed in the district court. In this motion, filed after the district court had affirmed his conviction, Chew asserted that "the Appellant wishes to offer additional evidence which has been educed subsequent to the aforesaid hearing as to the implementation of the guidelines of the Department of the Interior." The district court denied the motion in a Memorandum and Order dated November 5, 1974, on grounds that (1) there was no indication that the proffered evidence was either "newly discovered" or probative, (2) there was no jurisdiction in the district court to grant the motion pending appeal,[4] and (3) there was no jurisdiction to receive evidence or conduct a trial *de novo* in the district court sitting as an appellate court from a magistrate's decision. We have not jurisdiction to consider the question for Chew did not appeal from the denial of his motion for a new trial.

*AFFIRMED.*

---

3. Chew recognizes that a holding that "taking" requires actual possession of the birds might induce some hunters to kill as many birds as possible while making no attempt to retrieve them at all. He suggests that hunters who engage in such a practice would be liable for wanton waste to migratory game birds under federal regulations which provide that "[n]o person shall kill or cripple any migratory game bird pursuant to this part without making any reasonable effort to retrieve the bird and include it in his daily bag limit." 50 C.F.R. § 10.-

25. While a hunter who, like Chew, *killed* more than his daily bag limit but retrieved fewer might be found guilty of wanton waste, Chew contends that he is *not* guilty of exceeding the daily bag limit. *But see* footnote 2, *supra.*

4. Chew filed this motion on the same date he filed notice of appeal to this court. The district court felt that the pending appeal undermined its jurisdiction to consider the motion.