# UNITED STATES of America, Plaintiff,

## v.

## James Thornton EDWARDS, Justin Dewey Towner, IV, Herbert McDade Hunt, James Bryan Crenshaw, Defendants.

### No. LR–CR–97–67 (1—4).

United States District Court,
E.D. Arkansas,
Western Division.

Aug. 26, 1997.

---

William C. Adair, Jr., Asst. U.S. Atty., Little Rock, AR, for U.S.

G. Alan Perkins, Hill, Gilstrap, Perkins & Warner, Little Rock, AR, for James Thornton Edwards.

Charles A. Banks, Armstrong, Allen, Prewitt, Gentry, Johnston & Holmes, Little Rock, AR, for Justin Dewey Towner, IV, Herbert McDade Hunt, James Bryan Crenshaw.

James R. Rhodes, III, Dover & Dixon, Little Rock, AR, for Britton Rhodes Metcalf.

## MEMORANDUM AND ORDER

FORSTER, United States Magistrate Judge.

In these cases involving alleged violations of the Federal Migratory Bird Treaty Act and accompanying regulations, several motions have been filed. They will be addressed herein item by item.

*The Motions to Dismiss.*

Mr. Hunt has filed motions to dismiss due to vagueness (DE # 14) and multiplicity (DE # 18). Mr. Edwards has filed a motion to dismiss due to multiplicity (DE # 11). The motions have been briefed by both sides.

Each of these individuals is charged with three violations of Federal regulations, promulgated to implement the Migratory Bird Treaty Act (16 U.S.C. § 703), as a result of hunting in eastern Arkansas on November 27, 1996. Specifically, the informations charge them with first, taking birds in excess of the daily bag limit (50 C.F.R. § 20.24); second, wanton waste of game birds by failing to retain custody of mallard ducks taken jointly with hunting companions (50 C.F.R. § 20.25), and third, failing to tag said birds when leaving them as required by 50 C.F.R. § 20.36.

Both men are also charged as aiding and abetting others in the aforesaid acts, in violation of 18 U.S.C. § 2.

█ Mr. Hunt and Mr. Edwards urge that the alleged offenses occurred (if at all) during a single, continuous course of conduct and should, therefore, constitute only one offense and give rise to only one charge.

The textbook definition of multiplicity is provided by Charles Alan Wright in his treatise. Mr. Wright defines "multiplicity" as "the charging of a single offense in several counts." 1 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 142, page 469. The obvious ill to be avoided is that a multiplicity of charges heaps repeated punishments on the defendant and makes it appear that he has engaged in a crime spree, rather than a single violation of the law.

█ When it exists, however, multiplicity is not necessarily the death knell of an indictment. *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988). The trial court can weed out multiplicitous counts or consolidate them. The litmus test for multiplicity is whether each charge requires proof of an additional fact that the other does not.

*Federal Practice and Procedure: Criminal* 2d § 142, p. 476.

The test is easy enough to articulate but can be exceedingly difficult to apply, as with Counts II and III in Mr. Hunt's and Mr. Edwards' cases. As previously mentioned, Count II charges each hunter with a violation of 50 C.F.R. § 20.25. This regulation forbids the taking of a migratory bird unless the hunter makes a reasonable effort to retrieve the bird and keep it in actual custody at the place where taken, or between that place and five listed destinations. Count III (50 C.F.R. § 20.36) forbids a hunter to leave birds any place (except the hunter's abode) or with any person unless they are tagged with specific information set out in the regulation.

Only two cases have been found where hunters were charged with violating the same regulations as Mr. Hunt and Mr. Edwards. In the first case the wanton waste count (50 C.F.R. § 20.25) was dismissed prior to trial. *United States v. Ray,* 488 F.2d 15 (10th Cir.1973). In *Ray,* three hunters killed 37 ducks while camping at a lake in Oklahoma. The hunters cleaned and took with them 10 ducks when they broke camp; 27 ducks were left behind in a bag, uncleaned and untagged. Convictions for violation of 50 C.F.R. § 20.36 (the tagging regulation) were upheld. Challenges that the regulation was ambiguous and that it violated the Fifth Amendment by requiring incriminating behavior were rejected by the Tenth Circuit.

In *United States v. Chew,* 540 F.2d 759 (4th Cir.1976), the hunter-defendant was charged with taking in excess of the lawful limit and with wanton waste. The proof at trial was that the defendant killed 21 mourning doves and retrieved 10 of them. The government voluntarily dismissed the wanton waste charge, and the defendant was convicted of exceeding the allowable limit of migratory game birds under 50 C.F.R. § 20.24.

Undaunted, the government has forged ahead in the cases *sub judice* with a full combination of charges. While the proof has yet to be presented, the court holds that the charges herein pass the multiplicity test at this juncture because each charge theoretically requires at least one element of proof that the other two do not.

*Conclusion.*

It is disquieting to the undersigned that in the cases just cited, the government elected to proceed to verdict on a single violation, rather than seek convictions on all offenses originally charged. If at the close of the proof it appears that, after all, multiplicity has occurred, remedial action will be taken.

The motions to dismiss for multiplicity (DE # # 11 and 18) are DENIED. The motion to dismiss for vagueness (DE # 14) is also DENIED. *See United States v. Mielke,* 367 F.Supp. 518 (W.D.Okla.1973). *See also Chew,* 540 F.2d at 761.