## JOHNSON v. STATE.

No. A-11769.  May 20, 1953.

(257 P. 2d 841.)

Ryan Kerr, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Melvin Johnson, was charged by an information filed in the county court of Tillman county with the offense of operating a motor

vehicle during such time when his driver's license was suspended, a second offense; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $100, which was the minimum punishment for such offense.

On appeal, only one proposition is presented for reversal and that is that the trial court erred in permitting the county attorney to make his second amendment to the information. The information, prior to the amendment complained of, alleged three prior convictions for operating a motor vehicle without having obtained a valid driver's license. One of the convictions thus alleged in the information sets forth that it was sustained on April 16, 1949, before the justice of the peace at Frederick. During the trial the county attorney asked and obtained permission from the court to amend the information to show that the conviction for this alleged prior offense occurred on April 18, 1949, instead of April 16, 1949. At the time the county attorney made application for permission to amend his information, counsel for the defendant interposed his objection on the ground that it was too late to amend the information and the same would be prejudicial to the defendant, which objection was overruled. The amendment was allowed and the proof thereafter showed that the conviction was sustained in accordance with the amendment.

It is contended on appeal that the amendment was one of substance, which prejudiced the rights of the accused and should not have been permitted. It should be noted, however, that after the objection to the amendment was overruled, counsel for the accused did not ask for a continuance nor plead surprise at the amendment. If he had shown that the amendment had surprised him and that he needed additional time in which to meet the changed allegation as to one of the former convictions, the court, under the law, would have been obligated to have granted a reasonable time in which to meet the issue which was presented by the amended information.

There are two reasons why the position of the accused is not tenable. First, the issue was not presented in the motion for new trial nor in the petition in error filed herein; second, by statute and pursuant to a long line of decisions, this court has held that an information may be amended in matters of substance or form, either before or at the trial where the same can be done without material prejudice to the rights of the defendant. 22 O.S. 1951 § 304; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258; Shiever v. State, 92 Okla. Cr. 239, 222 P. 2d 530; White v. State, 23 Okla. Cr. 198, 214 P. 202; Weeks v. State, 88 Okla. Cr. 291, 202 P. 2d 1005; Burks v. State, 64 Okla. Cr. 285, 79 P 2d 619.

Furthermore, there is no doubt concerning the guilt of the accused and the fact that two of the former convictions were correctly set forth in the information and proof was made in accordance with the allegations of the information. Since the defendant received only the minimum sentence, he certainly cannot claim that he was prejudiced by reason of the amendment or by the introduction of proof in accordance with the judgment.

The judgment and sentence of the county court of Tillman county is affirmed.

POWELL, P. J., and BRETT, J., concur.