UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis Bates FLETCHER, Defendant-
Appellant.

No. 680–70.

United States Court of Appeals,
Tenth Circuit.

June 7, 1971.

each count, the sentences to be served concurrently. The sentences were then suspended and Fletcher was placed on probation for three years. Fletcher now seeks reversal of his several convictions.

■■■ It is agreed that one essential element of the crime with which Fletcher was charged is that in causing the check in question to be transported in interstate commerce, he did so with an "unlawful and fraudulent intent." And in this particular connection Fletcher alleges that the trial court erred in merely instructing the jury that "an act is done 'fraudulently' if done with the intent to deceive." Such instruction (instruction No. 8) was inadequate, according to counsel, and the trial court should have gone further and instructed the jury that "an act is done with fraudulent intent if done with an intent to defraud, or with an intent to deceive for the purpose of obtaining money or something of value." *See* Halfen v. United States, 324 F.2d 52 (10th Cir.).

It is axiomatic that no one instruction states all the law and that the instructions in a given case must be taken and considered as a whole. Devine v. United States, 403 F.2d 93 (10th Cir.). Our perusal of the instructions given the jury discloses that instructions numbered 20 and 22 do in fact contain the very verbiage which counsel now asserts should have been a part of instruction No. 8. Hence, we find no error in this regard.

James M. Peters, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

C. Temple Bixler, Oklahoma City, Okl., (Andrews, Mosburg, Davis, Elam, Legg & Kornfeld, Oklahoma City, Okl., on the brief), for defendant-appellant.

Before SETH, McWILLIAMS, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Fletcher was convicted on both counts of a two-count indictment charging him with unlawfully and fraudulently causing a forged and falsely made check to be transported in interstate commerce knowing the check to have been thus forged and falsely made, in violation of 18 U.S.C. § 2314. Each count related to a different check. Fletcher was thereafter sentenced to a term of three years on

■ Fletcher also assigns as error the refusal of the trial court to give the jury his tendered instructions numbered 1 and 2. Each of these tendered instructions pertained, in some degree, to the phrase "forged and falsely made" as such appears in each count of the indictment. Tendered instruction No. 1 we deem to be inapplicable, in that it was premised on the assumption that the checks deposited by Fletcher in the Central National Bank in Oklahoma City were so-called "true-name" checks, which type of check, according to Marteney v.

United States, 216 F.2d 760 (10th Cir.), cannot form the basis for a prosecution under 18 U.S.C. § 2314. However, in the instant case Fletcher did not sign his name to the checks in question as the maker thereof, but on the contrary forged the signature of one B. J. Hawthorne, who was the only person authorized to draw checks on an account previously carried by the Friendly Finance Corporation in the First National Bank of Fort Smith, Arkansas.

■ Tendered instruction No. 2 advised the jury that in order for them to find that the checks in question were forged or falsely made they must find that "the payee, Central National Bank, relied upon the signature of B. J. Hawthorne * * *." In the first place, Central National Bank was not the payee on either check; rather, each check was made payable to a company owned by Fletcher. The payee companies (a different payee on each check) had checking accounts in the Central National Bank, and the checks here in question were deposited by Fletcher to such accounts in the Central National Bank. So, the tendered instruction was incorrect insofar as the facts of the case are concerned and in addition thereto it was also otherwise inapplicable. In short, we perceive no error as regards instructions given or instructions refused.

■■ Error is also predicated upon the refusal of the trial court to permit Fletcher to testify as to certain of his prior dealings with the Central National Bank. When the objection to this line of testimony was sustained, no offer of proof was made. In this regard the well established rule is that if the significance of the excluded evidence is not obvious, an offer of proof must be made to preserve the question on appeal. Downie v. Powers, 193 F.2d 760 (10th Cir.). And there is nothing in the record before us to indicate just how this particular matter was relevant and material to the issues at hand. In this regard it should be kept in mind that the evidence showed that Fletcher forged the name of Hawthorne to a company check (Friendly Finance Company) drawn on an Arkansas bank, and that the checks in question were each made payable to a company owned by Fletcher. Each of the payees thus named had an account in the Central National Bank, and Fletcher accordingly deposited the checks in question to these accounts in the Central National Bank. On the record, then, it is a bit difficult to perceive the relevance of Fletcher's prior dealings with the Central National Bank. We find no error in this regard.

■ Lastly, it is asserted that the trial court erred in failing to sustain Fletcher's motion for acquittal interposed at the conclusion of the prosecution's case "for the reason that lack of authorization to sign the name of another does not prima facie constitute the crime of forgery." In thus arguing, counsel relies on Parker v. United States, 297 F.2d 135 (5th Cir.). Such reliance is misplaced. In that case it was held that because of "peculiar circumstances" the absence of "express" authorization to sign the name of another as the maker of a check did not in and of itself make out a case of forgery. In *Parker* there was a strong intimation that though there was not express authorization to sign the name of another as the maker of the checks in question, there was nonetheless implied authority to so do. Such is far different from the facts of the instant case. Suffice it to say our study of the record leads us to conclude that the prosecution did make a rather convincing prima facie showing that this was a case of forgery. In any event, the matter was submitted to the jury and the jury by its verdict has now resolved the matter.

Judgment affirmed.