**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bill Jack TWILLIGEAR, a/k/a Bill Jack Taylor, Defendant-Appellant.**

**No. 71–1638.**

United States Court of Appeals,
Tenth Circuit.

April 21, 1972.

David D. Uchner, Cheyenne, Wyo., for defendant-appellant.

Jack Speight, Asst. U. S. Atty. (Richard V. Thomas, U. S. Atty., Tosh Suyematsu, Asst. U. S. Atty., on the brief), Cheyenne, Wyo., for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal by Twilligear from his jury conviction in the District of Wyoming on a three count indictment.

The charge against Twilligear and two co-defendants, Herman Leslie Hill and Kenneth Dwight Horton, arose out of a trip the three men took from Pocatello, Idaho, through Utah, to Cheyenne, Wyoming, where they were arrested. Along the route several Post Office money orders were purchased by Hill and Horton. The money orders were variously altered to increase the dollar amount for which they had originally been purchased. The orders were subsequently passed at several business houses.

Twilligear was charged with the two co-defendants in a three count indictment. Count I charged a conspiracy; Count II alleged interstate transportation, with unlawful and fraudulent intent, of tools and implements of forging, altering or counterfeiting securities; Count III alleged interstate transportation of falsely made and forged securities. The case against Twilligear was tried to a jury on September 9 and 10, 1971. The two co-defendants had previously pled guilty and testified at the trial in behalf of the government. Subsequent to the jury returning a verdict of guilty against Twilligear on all three counts, he was sentenced to five years imprisonment on Count I, eight years imprisonment on Count II, and five years imprisonment on Count III, the sentences to run concurrently. Twilligear appeals.

Appellant here advances three contentions in support of reversal of his conviction: first, that the government failed to sustain its burden of proof; second, that certain evidence was unlawfully seized by the police and therefore was erroneously received into evidence at the trial; and third, that no proper foundation was laid for admission into evidence of two money orders. After a careful reading of the record, we conclude that there is no merit to any of appellant's contentions.

A brief summation of the evidence presented at the trial will aid in the disposition of appellant's contentions. Twilligear and his two co-defendants were arrested in Cheyenne, Wyoming, by the local police. The arresting officer testified as to the items found on Twilligear at that time. Appellant then had a California driver's license and a money order in his possession. The California license, made out in the name of Bill J. Taylor, was found to be a forgery. The money order was made payable to Bill Taylor. These items were introduced

into evidence against Twilligear. Upon arrest of the three men at Cheyenne, the co-defendant Horton consented to a warrantless police search of his suitcase; therein the police found the tools used in alteration of the money orders. These tools were introduced into evidence. An altered money order payable to Bill Taylor had been passed at Occ's Gift Center in Cheyenne, Wyoming; this money order was likewise admitted into evidence. The store clerk had initialed the same, and had written the number of the driver's license presented by the customer as identification on the money order. The license number on the money order corresponded to that on the forged California license. Although the clerk was not able to make a positive personal identification of Twilligear as the person who had passed the money order, Horton, one of the co-defendants, testified that he had been present when Twilligear used the money order to purchase an item. Based upon the evidence presented, the jury found the appellant guilty of the offenses charged.

 Appellant's second and third contentions concern the correctness of admission into evidence of certain items seized by the police. The materiality and relevance of proffered evidence, and introduction of same, resides in the sound discretion of the trial court; absent a clear abuse of discretion, an appellant court is bound to uphold the decision of the trial court.[1] Appellant asserts that no proper foundation was laid for admission into evidence of the two money orders made to Bill Taylor. We disagree. The arresting officer identified the order found on Twilligear's person at the time of his arrest. The clerk at Occ's identified the money order passed there. The forged California license linked Twilligear to both these money orders. We find no error in admission of the money orders.

 Appellant challenges the admission into evidence against him of the articles seized in the search of the co-defendant Horton's suitcase as fruits of an illegal search. The voluntariness of Horton's consent is not questioned by appellant; rather, he argues that the search was illegal as to him based on a violation of his "right of privacy." No proprietary interest in the items seized is asserted by Twilligear. Appellant's reliance on Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), is misplaced. The United States Supreme Court therein states at page 261, 80 S.Ct. at page 731 that "[i]n order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure . . . as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." The search here was directed at the property of Horton, not that of Twilligear. It is well established in this Circuit that to challenge a search or seizure as unlawful, a defendant must claim some proprietary or possessory interest in the place searched or the items seized.[2] No such claim is here made. Appellant lacks standing to challenge the search of Horton's suitcase.[3] The search was thus a valid consent search, and was not illegal as to Twilligear. The evidence so seized was properly admitted against him.

 Appellant's other contention is that the government failed to meet its burden of proof. This Court is bound to view the evidence presented in the trial court in the light most favorable to

---

1. United States v. Brown, 411 F.2d 1134, 1137 (10th Cir. 1969); United States v. Gipson, 385 F.2d 341, 342 (7th Cir. 1967).

2. United States v. Parrott, 434 F.2d 294, 296 (10th Cir. 1970), cert. denied 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330; United States v. Goad, 426 F.2d 86, 89 (10th Cir. 1970); Baskerville v. United States, 227 F.2d 454, 456 (10th Cir. 1955); Wilson v. United States, 218 F.2d 754, 756 (10th Cir. 1955).

3. United States v. Parrott, 434 F.2d 294, 296 (10th Cir. 1970), cert. denied 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330.

the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a jury might find a defendant guilty beyond a reasonable doubt.[4] Twilligear points to certain imperfections in the testimony of his co-defendants in support of the instant proposition. We do not find this argument persuasive. Evaluating the credibility of witnesses is a matter for the jury, not for the appellate court.[5] We find that the government did meet its burden of proving Twilligear guilty beyond a reasonable doubt.

Affirmed.

---

4. United States v. DeLuzio, 454 F.2d 711, 713 (10th Cir. 1972); United States v. Holmes, 453 F.2d 950, 952 (10th Cir. 1972).

5. United States v. Sierra, 452 F.2d 291, 293 (10th Cir. 1971); United States v. Weiss, 431 F.2d 1402, 1407 (10th Cir. 1970); United States v. Freeman, 412 F.2d 1181, 1183 (10th Cir. 1969).