Edgar Wiliam BAKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17785.

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1973.

Edgar William Baker, pro se.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, James William Baker, a/k/a Edgar William Baker, hereinafter referred

to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–620, for the offense of Robbery With Firearms, After Former Conviction of a Felony, his punishment was fixed at fifty (50) years imprisonment and from said judgment and sentence, an appeal has been perfected to this Court.

This cause was lodged in this Court on October 2, 1972. Defendant was granted until May 11, 1973, to file a brief; however, no brief was filed nor was an extension of time in which to file a brief requested. On June 18, 1973, the cause was summarily submitted for an opinion in accordance with the rules of this Court.

■ We have consistently held that where the defendant appeals from a judgment and sentence and no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error; if none appears on the record, the judgment and sentence will be affirmed. Enoch v. Oklahoma City, Okl. Cr., 444 P.2d 856.

■ We have carefully examined the record and reviewed the testimony and the petition in error in the instant case and find no fundamental error. The record discloses the defendant was afforded a fair and impartial trial, the evidence was sufficient to support the verdict of the jury. There being no apparent error in the record on appeal, it is the opinion of this Court that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge (concurs in part, dissents in part):

After considering the entire record of trial, I agree that the witnesses sufficiently identified the defendant to satisfy the jury, which found defendant guilty. However, I believe the punishment is excessive and must have resulted from the prosecutor's closing argument, which is not included in the record in its entirety. I believe it was improper when the prosecutor used the deputy sheriff's revolver before the jury in his closing argument over defendant's objections. The revolver was no part of the evidence and could not have had any effect other than to prejudice the jury. Consequently, while I concur that the conviction should be affirmed on the record, I believe the sentence is excessive.