Ervin Ray YOUNG, Appellant,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Appellee.

No. 73–1336.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 24, 1975.

Decided April 24, 1975.

William F. Reynard, Denver, Colo., for appellant.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen. of Okl., Oklahoma City, Okl., on the brief), for appellee.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Ervin Ray Young (Young) appeals the dismissal of his habeas corpus application. Young's petition herein represents the ninth chapter of a continuing legal saga wherein he has attempted to overturn a murder conviction.

Young was convicted by a jury of murder on March 21, 1961. He was sentenced to life imprisonment on March 31, 1961. The Government's case was materially predicated on the testimony of Norma Sue Littlefield, who was an eyewitness when Young shot and killed her fiancé.

Young alleged that he was denied a fair trial: (a) because of prejudicial and inflammatory remarks made by the prosecutor, (b) because the jury was improperly instructed, and (c) because the burden of proof was placed on him. In dismissing the application the Trial Court observed that it was Young's second habeas petition, that the first two allegations of error had been previously presented and determined adversely to him, and at that time they had not been presented to the State Courts of Oklahoma. The Trial Court found that the first two contentions of error were later presented to the Oklahoma State Courts which "likewise ruled that no constitutional violations existed." The Trial Court also held that the evidence proffered by Young was not supportive of his third alleged violation, i.e., that the burden of proof had been placed on him.

On appeal Young contends that the Trial Court erred in: (1) permitting the prosecutor to express his personal opinion of Young's guilt; (2) instructing the jury on reasonable doubt; and (3) in refusing to "order in the trial records requested in appellant's Petition for Writ of Habeas Corpus Duces Tecum in which he complained about unconstitutional pre-trial investigations."

## I.

■ Young contends that the Trial Court erred in permitting the prosecutor to express his personal opinion of Young's guilt during his summation:

MR. SIMMS (The Prosecutor):

\* \* \* \* \* \*

Gentlemen, I could go over this evidence, but I don't desire to repeat or take any more of your time, because I believe in my own mind and in my own heart to a moral certainty that Young is guilty.

MR. McARTHUR (Defense Counsel): Now, Your Honor, we are going to object to that statement, invading the province of the jury, request the Court to admonish the jury not to consider it.

THE COURT: You should tell the jury that's based entirely upon this evidence.

MR. SIMMS: Yes, sir, based on the evidence, that's the way it seems to me. - - -

We have held that statements expressing an advocate's personal belief in the merits of the case are to be deplored. Devine v. United States, 403 F.2d 93 (10th Cir. 1968), cert. denied 394 U.S. 1003, 89 S.Ct. 1599, 22 L.Ed.2d 780 (1969). This holding was clearly enunciated in United States v. Martinez, 487 F.2d 973 (10th Cir. 1973):

. . . we caution prosecuting attorneys that in their closing argument they should not, in an effort to bolster the credibility of a Government witness, place their own integrity, directly or indirectly, on the scales. Such is improper, and in the proper case may well result in a reversal which could have been easily avoided.

487 F.2d at 977.

See also United States v. Ludwig, 508 F.2d 140 (10th Cir. 1974), wherein we reversed a conviction because the prosecuting attorney, during closing argument, emphatically and personally vouched for the integrity of the state police force.

■ The standard has been recently treated by the United States Supreme Court in Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In that case the prosecuting attorney stated during summation:

. . . [they] hope that you find him not guilty. I quite frankly think that they hope that you find him guilty of something a little less than first-degree murder.

There, as here, the jury was instructed to disregard comments of counsel that were not in evidence. In holding that the remarks did not give rise to constitutional error, the Court stated:

. . . not every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941).

416 U.S. at 642, 94 S.Ct. at 1871.

\* \* \* \* \* \*

The "consistent and repeated misrepresentation" of a dramatic exhibit in evidence may profoundly impress a jury and may have a significant impact on the jury's deliberations. *Isolated passages of a prosecutor's argument, billed in advance to the jury as a matter of opinion not of evidence, do not reach the same proportions.* Such arguments, like all closing arguments of counsel, are seldom carefully constructed *in toto* before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, *they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.* (Emphasis supplied).

416 U.S. at 646–647, 94 S.Ct. at 1873.

Applying this standard, we hold that, under the facts of this case, the prosecutor's comment did not give rise to constitutional error.

## II.

Young contends that the Trial Court committed reversible error when it defined "reasonable doubt." The instruction provided, in part:

When all the evidence in the case, carefully analyzed, compared and weighed by you, produces in your minds a settled conviction or belief of the defendant's guilt, such a conviction as you would be willing to act upon in matters of highest importance relating to your own affairs, when it leaves your minds in an abiding conviction amounting to a moral certainty of the truth of the charge, then, and in that event you would be free from a reasonable doubt.

Young cites Templer v. State, 494 P.2d 667 (Okl.Ct.Crim.App.1972), decided eleven years following his conviction, for the proposition that instructions defining reasonable doubt should not be given and that such an instruction can give rise to reversible error. Other cases are cited supportive of this contention.

In determining whether a particular instruction submitted to the jury gives rise to reversible error, we must view such instruction *as part of a totality* of the entire instructions given. United States v. Smaldone, 485 F.2d 1333 (10th Cir. 1973), cert. denied 416 U.S. 936, 94 S.Ct. 1934, 40 L.Ed.2d 286; (1974) United States v. Fletcher, 444 F.2d 619 (10th Cir. 1971); Devine v. United States, *supra*. The necessity of avoiding an isolated review of a particular instruction was recently discussed in Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973):

In determining the effect of this instruction on the validity of respondent's conviction, we accept at the outset the well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. Boyd v. United States, 271 U.S. 104, 107, [46 S.Ct. 442, 443, 70 L.Ed.2d 857] (1926). While this does not mean that an instruction by itself may never rise to the level of a constitutional error, see Cool v. United States, 409 U.S. 100, [93 S.Ct. 354, 34 L.Ed.2d 335] (1972), it does recognize that a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge. Thus not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial which may result in the judgment of conviction.

414 U.S. at 146–147, 94 S.Ct. at 400.

In *Cupp* the Court further cautioned:

Before a federal court may overturn a conviction resulting from a state trial in which this instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even "universally condemned," but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.

414 U.S. at 146, 94 S.Ct. at 400.

Young has not shown that the "reasonable doubt" instruction herein complained of violated a right guaranteed him by the Fourteenth Amendment. We thus hold that the State Trial Court did not commit reversible error.

## III.

Young contends that the Trial Court erred in refusing to "order in the Trial records requested in appellant's Petition for Writ of Habeas Corpus Duces Tecum in which he complained about unconstitutional pre-trial investigations." Since there were no factual issues alleged in the habeas application which would render it necessary for the Federal Trial Judge to examine the State trial transcript, constituting allegations giving rise to any federal constitutional violations, we hold that the Trial Court did

not err in refusing to order in the transcripts.[1]

The relevancy and materiality of evidence are matters within the sound discretion of the Trial Court. That judgment will not be disturbed on appeal unless there is a clear showing of abuse of discretion. United States v. Ray, 488 F.2d 15 (10th Cir. 1973); United States v. Twilligear, 460 F.2d 79 (10th Cir. 1972). The bald allegations of alleged "unconstitutional" pre-trial investigations are here presented in a vacuum, rising no higher than possible, conjectural or speculative prejudice, none of which warrant reversal, where, as here, the evidence of guilt is strong. United States v. Harpel, 493 F.2d 346 (10th Cir. 1974); United States v. Jackson, 482 F.2d 1167 (10th Cir. 1973), cert. denied 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974).

Affirmed.

HOLLOWAY, Circuit Judge (concurring):

I concur in parts II and III of the court's opinion. As to Part I, I concur in the result but wish to add these brief comments on the issue of the prosecutor's argument which has troubled me.

The trial record shows no instruction that closing arguments are not evidence for the jury to consider, as in Donnelly v. DeChristoforo, 416 U.S. 637, 641, 94 S.Ct. 1868, 40 L.Ed.2d 431. Nor do we have any argument transcript showing that counsel made such a statement, except as the prosecuting attorney's statement, quoted in the court's opinion, may so indicate. (Casemade, 347A).[1] We have the trial court's admonition (following the comment and objection) that "You should tell the jury that's based entirely upon this evidence . . ." and counsel's response:

Yes, sir, based on the evidence, that's the way it seems to me. And Young, even in spite of the fact that he is a murderer, is a very fortunate man in a lot of ways, as compared to Dale. Because there he sits, two court appointed attorneys to talk for him. He is entitled to have his guilt or innocence, the question of whether he should live or die, passed on by you twelve jurors.

The appellant's petition alleged that the argument quoted in the Court's opinion and other argument violated his constitutional right to due process under the Fourteenth Amendment, and other rights, and the issue is troublesome on this record. However, I agree with the conclusion that constitutional error is not shown, considering the record as a whole.

Instruction 13 told the jurors, among other things, that they were the judges of the facts, and that they should not let sympathy, sentiment or prejudice enter into their deliberations, and lastly that they should "return such verdict as the evidence warrants when measured by these instructions." (Casemade, 344). Instruction 15 charged, among other things, that the jury should apply the instructions to the evidence in the case and "in so doing endeavor to arrive at a just and true verdict under all the instructions and all the evidence in this case, and return such verdict into court." (Casemade, 345).

Lastly I note that when the trial judge overruled a motion for a mistrial based on the prosecutor's statement of opinion of guilt, the judge stated:

As the matter stands before the jury now, I just told them he expresses that opinion based upon the evidence in this case. And I am certain that the jury understands that he did not

---

1. Under proper circumstances we have held that defendants making a direct appeal and not a collateral, habeas attack, are entitled to free transcripts of prior trials. See United States v. Acosta, 495 F.2d 60 (10th Cir. 1974).

1. This court has been furnished the original record or "Casemade" by the Oklahoma Court of Criminal Appeals. It does not contain a transcription of the full arguments and apparently the only portion transcribed was that where the objection occurred to the comment containing the prosecutor's opinion of guilt. (Casemade 347A, 348, 349).

try to connote that he had any information that they do not have. (Case-made, 348).

Under the circumstances I agree that we should not hold that such comment constituted a denial of due process, as did the First Circuit in dealing with such an issue. See DeChristoforo v. Donnelly, 473 F.2d 1236, 1238.