**Edgar W. BAKER, Petitioner,**

v.

**Richard CRISP and the Attorney General of the State of Oklahoma, Respondents.**

**No. CIV–77–0863–D.**

United States District Court,
W. D. Oklahoma.

Jan. 12, 1978.

Edgar W. Baker, pro se.

Larry Derryberry, Atty. Gen., by Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a State prisoner incarcerated at the Oklahoma State Penitentiary at McAlester, Oklahoma, by virtue of the judgment and sentence of the District Court of Oklahoma County, in case No. CRF–72–620. Therein, after a trial by jury the petitioner was found guilty of robbery with firearms after former conviction of a felony and was sentenced on June 28, 1972 to 50 years imprisonment. In his Petition he alleges that his detention is unlawful for the reasons that he was denied the *effective assistance of counsel on appeal* because his court-appointed attorney failed to file briefs in support of the Petition-in-Error and because allegedly the petitioner was placed in an illegal line-up without counsel. The respondents have answered claiming that the petitioner waived his right to further assistance of counsel on appeal after the appeal had been perfected and that the line-up was not constitutionally invalid. In support of their answer the respondents submitted the original record including the transcript of petitioner's trial, the record of his post conviction proceedings, and further attached to the answer correspondence purportedly from the petitioner and the public defender of Oklahoma County. The petitioner then filed a Traverse in which he denied the waiver of assistance of counsel but abandoned his line-up proposition. The petitioner has also answered Interrogatories addressed to him by the court. It is conceded by the respondents that petitioner has exhausted his state remedies.

From the court's examination of the files and records it appears that following petitioner's conviction the Public Defender of Oklahoma County was appointed to represent petitioner on appeal and a transcript at public expense was provided. On September 12, 1972 a prison writ-writer with petitioner's knowledge and permission and acting in petitioner's behalf wrote a letter to District Judge Clarence Mills, Chief Judge of the District Court of Oklahoma County advising the court that the petitioner had decided "to file my direct appeal pro se" and requesting that the Public Defender be notified of this decision and directed to transmit to petitioner at the penitentiary

the casemade and transcripts. This letter was either signed by the petitioner personally or petitioner's name was signed by the writ-writer acting as petitioner' agent.

The letter was forwarded to Don Anderson, Public Defender of Oklahoma County who on September 14, 1972 wrote to the petitioner responding that if the petitioner wanted to appeal himself without participation of the Public Defender to please write and tell him so specifically. He concluded:

> "If this is your wish I will then do no more than file the original record and petition in error in the Court of Criminal Appeals, since you cannot readily do that from the penitentiary. You would then be free to file a supplemental petition in error and whatever brief and argument you desire.

> Please let me know what you want to do and please refer in your letter to the court number of the case."

The petitioner received this letter.

On September 24, 1972 another inmate acting as petitioner's agent replied to Mr. Anderson's letter requesting his withdrawal from the case after he had filed the Petition-in-Error and original record with the Oklahoma Court of Criminal Appeals. The letter further asked Mr. Anderson to forward to petitioner at his earliest convenience the "casemades and transcripts". The letter was signed either by the petitioner or his name was signed by his fellow inmate with petitioner's permission.

On October 2, 1972 in compliance with petitioner's request the Public Defender filed the Petition-in-Error and the original record for appeal with the Court of Criminal Appeals. On October 3, 1972 Mr. Anderson wrote to the petitioner advising him of the action that had been taken and enclosed a copy of the Petition-in-Error, a copy of the transcript and a copy of the jury instructions. He further advised the petitioner that he had until November 1st to file his brief and that if he needed more time he should request an extension from the court. The petitioner received this letter and the enclosed records.

On December 11, 1972 the Court of Criminal Appeals granted an extension of time until March 12, 1973 for the petitioner's brief to be filed. On March 14, 1973 the petitioner filed with the Court of Criminal Appeals a "Motion for Reversal and Remand of Sentence Due to Incomplete Transcript" which he had personally prepared with the help of another inmate. On April 9, 1973 the Court of Criminal Appeals entered its order denying the motion and granting the petitioner a final extension until May 11, 1973 to submit a brief and advised the petitioner that in the event that a brief was not filed the cause would be summarily submitted in accordance with the rules of the court. The petitioner received a copy of this Order but petitioner filed no brief. On June 18, 1973 the court entered an Order summarily submitting the petitioner's appeal. On August 3, 1973 the Court of Criminal Appeals after examining the record for fundamental error affirmed the judgment and sentence. *Baker v. State,* Okl.Cr., 513 P.2d 340 (1973). Judge Brett concurred in the affirmance of the conviction but stated that he believed the sentence was excessive due to improper conduct by the prosecutor in using a deputy sheriff's revolver before the jury in his closing argument over defendant's objections.

██ The record is clear that there was no denial of effective assistance of counsel on appeal. The State provided petitioner counsel for appeal and did nothing to interfere with his representation of petitioner. The failure of appointed counsel to file a brief was due solely to the actions of the petitioner and his convict advisors. The State cannot deny to a prisoner the assistance of prison writ-writers. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). It is not, however, responsible for the quality of advice or services which he receives from them. If a prisoner chooses to rely on fellow inmates then that is his responsibility. The Public Defender of Oklahoma County did all that he could reasonably do to ascertain the petitioner's intention and wishes. He did everything that was requested of him by the petitioner and omitted only those things directed by the petitioner.

■ Petitioner's direct appeal was perfected under Oklahoma law when the Petition-in-Error and original record were filed with the Court of Criminal Appeals by the appointed counsel. A brief is not required by the rules of the court. Failure to file an appellate brief on appeal from a criminal conviction in Oklahoma does not alone indicate ineffective assistance of counsel on appeal or establish the denial of a constitutional right. *Hill v. Page,* 454 F.2d 679 (CA10 1971).

■ *The petitioner in his Traverse elected not to pursue his line-up claim.* Since it appears that the line-up was conducted before the petitioner was formally charged he was not entitled to counsel at the line-up, *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), and the petitioner correctly recognized the lack of merit to his claim.

■ The petitioner on January 3, 1978 filed a belated Motion to Amend his Petition for Writ of Habeas Corpus to add a contention that he was *denied a fair trial because the prosecutor utilized in his closing argument a revolver borrowed from a deputy sheriff in the courtroom.* This point was considered by the Court of Criminal Appeals on petitioner's direct appeal and specifically alluded to in the dissent. It has also been presented by petitioner in an unsuccessful application for post conviction relief to the sentencing court. Since the petitioner has exhausted his State remedies, no purpose would be served in refusing to entertain it at this time and requiring him to file a new Petition in this court on this ground, and therefore the amendment is accepted by the court. The contention, however, does not afford a constitutional basis for granting the petitioner relief. The transcript reveals that there was no suggestion that the revolver was the one actually used by the petitioner in the commission of the offense. When defense counsel objected to the conduct of the prosecutor the court admonished the jury that the arguments of counsel were not to be considered as evidence and continued specifically to tell the jury:

"The State's attorney here is making an argument and using an illustration and does not claim that this was the weapon used in the alleged crime here, if a crime has been committed, which is for you to determine, but he is using that as a demonstration concerning the theories or points that he might have, and you of course, should give it such consideration as you think it is worthy to receive, but certainly it is not evidence in the case." (Transcript at 50.)

It is not enough that the conduct of the prosecutor may be deplorable. *Young v. Anderson,* 513 F.2d 969 (CA10 1975). There is a distinction between ordinary trial error and constitutional error and a federal court has no supervisory jurisdiction over State courts so that it can upset a State court conviction upon a mere trial error by the prosecutor. *Sanchez v. Heggie,* 531 F.2d 964 (CA10 1976). A State prisoner on collateral attack has the burden of demonstrating that the misconduct of the prosecutor complained of was so egregious as to render his trial fundamentally unfair to such a degree that it denied him constitutional due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Applying this standard the conduct of the prosecutor under all the circumstances did not give rise to constitutional error.

As evidenced by the foregoing analysis there are no material issues of fact which require an evidentiary hearing in this court and the Petition for Writ of Habeas Corpus as amended will be denied.

IT IS SO ORDERED.