**Harold Dean BEHRENS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–81–520.**

Court of Criminal Appeals of Oklahoma.

April 24, 1985.

Ron Evans, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Harold Dean Behrens, was tried and convicted by jury of Murder in the First Degree in the District Court of Oklahoma County, Oklahoma, Case No. CRF–80–3397. He was sentenced to a term of life imprisonment, and appeals. We affirm.

For a discussion of the facts, see *Bowen v. State*, 55 O.B.J. 2521, (Okl.Cr., December 8, 1984). Additional facts will be discussed as they become relevant to the issues raised.

## I.

In his first allegation of error, appellant complains that reversible error occurred when the State failed to obey the trial court's order to provide defense with any exculpatory evidence. Particularly, appellant contends information that was supplied to the Oklahoma City Police implicated Lee Crow as a suspect in the murders, and that such information would have supported the defense theory that some other party orchestrated these deaths.

 It is true that under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), when the defense has requested disclosure of specific evidence, and that evidence is material either to guilt or punishment and is favorable to the accused, due process is violated irrespective of the good faith or bad faith of the prosecutor if he fails to make the disclosure. Materiality requires that the evidence requested might have changed the verdict; a mere possibility of such is insufficient. *Agurs, supra* at 109–110, 96 S.Ct. at 2400.

There is, of course, no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1971). The suppressed evidence must be of sufficient probative value to create a reasonable doubt of defendant's guilt. *Hall v. State*, 650 P.2d 893 (Okl.Cr.1982).

In the case at hand, the information implicating Lee Crow had been reviewed by the Oklahoma City Police and discounted. Based on the confirmed alibi of Lee Crow for the night of the homicide, the negative fingerprint comparison, the negative ballistics comparison, and the eyewitness's failure to identify Lee Crow and instead identify Clifford Bowen, Lee Crow was eliminated as a suspect. Appellant has failed to show this Court how the evidence is exculpatory or material. When evaluating the omission in the context of the entire record,

we find no error. *See Bowen v. State, supra; Irvin v. State,* 617 P.2d 588 (Okl. Cr.1980); *Hall v. State, supra; Castleberry v. Crisp,* 414 F.Supp. 945, 951, (N.D. Okla.1976); *Collins v. State,* 561 P.2d 1373 (Okl.Cr.1977). This proposition is therefore without merit.

## II.

In his second assignment of error, appellant complains that the trial court erred in allowing the State to amend the information on the day of trial, and in refusing the appellant a continuance based on that amendment. The amendment allowed the State to change the name of the co-defendant from "John Doe" to Clifford Henry Bowen.

■ Title 22, O.S. 1981, § 304 allows an information to be amended after a plea "where the same can be done without material prejudice to the right of the defendant." Good cause must be shown before a continuance due on the amendment will be allowed.

■ Appellant has failed to show this Court that the amendment surprised him, and it appears he was aware of the unnamed defendant prior to trial. Appellant's written motion for continuance was not made until after the jury returned the sentence, and was based on an affidavit by Bowen's wife stating that she was with Bowen on the night in question.

Appellant contends he would have prepared his case differently had he known positively that Clifford Bowen was the co-defendant, and that he needed a continuance to investigate Bowen's alibi. We find this is insufficient to show material prejudice to the appellant, especially in light of the fact that the defense did not hinge on the identity of the trigger man, but rather, was based on the theory that some other party was the instigator of the homicide.

■ Motions for continuance are directed to the sound discretion of the trial court, and we find no abuse of discretion in allowing the amendment or in refusing a continuance. *Munson v. State,* 583 P.2d 511 (Okl.Cr.1978); *Tate v. State,* 664 P.2d 1036 (Okl.Cr.1983); *Johnson v. State,* 97 Okl.Cr. 52, 257 P.2d 841 (1953); and *Hardin v. State,* 649 P.2d 799 (Okl.Cr.1982). Therefore, this proposition must fail.

## III.

■ Appellant next contends he was denied a fair trial because of improper comments made by the prosecutor in his closing argument. These comments were not objected to at trial. While these comments were improper in that they were emotional in nature, we cannot say that they rise to the level of fundamental error. It is the entirety of the argument and the combined effect of the misconduct that warrants reversal, and we do not find this one particular segment of the prosecutor's closing argument denied appellant a fair trial. *Costilla v. State,* 609 P.2d 788 (Okl.Cr.1980); *Shelton v. State,* 583 P.2d 1107 (Okl.Cr. 1978); *Evans v. State,* 539 P.2d 744 (Okl. Cr.1975); and *Harris v. State,* 523 P.2d 1140 (Okl.Cr.1974). This proposition is therefore without merit.

## IV.

In his fourth and final assignment of error, appellant complains the trial court erred in refusing to allow appellant to present certain evidence through Detective Harrison which related to the investigation of the homicide. On three occasions, the court, on its own motion, ruled the evidence inadmissible based on both relevancy and hearsay grounds.

■ The test of relevancy is whether the evidence has any tendency to make more or less probable a material fact in issue. *President v. State,* 602 P.2d 222 (Okl.Cr.1979). Relevancy and materiality are matters within the sound discretion of the trial court absent an abuse thereof. *Young v. Anderson,* 513 F.2d 969 (10th Cir.1975); *Noah v. State,* 562 P.2d 950 (Okl.Cr.1977); and *Sanders v. State,* 612 P.2d 1363 (Okl.Cr.1980).

■ In the case at hand, appellant attempted to introduce hearsay evidence as

to the motives of others as well as to a connection between any of the victims. An abuse of discretion in not admitting this evidence has not been demonstrated. This proposition is also without merit.

For the foregoing reasons, the judgment and sentence of the District Court is hereby AFFIRMED.

BRETT and BUSSEY, JJ., concur.