**Donald Gene COLEMAN, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–85–680.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1987.

Larry K. Lenora, Erwin, Butts & Lenora, P.C., Chandler, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Donald Gene Coleman, was charged, tried and convicted in the

District Court of Lincoln County for the crime of Grand Larceny of Oilfield Equipment in Case No. CRF–84–61, and was sentenced to three (3) years imprisonment, with two and one-half (2½) years of the sentence suspended, and fined one thousand five hundred dollars ($1,500), and he appeals.

Briefly stated the facts are that on April 12, 1984, the appellant, Calvin Williams and Ray East met at the Tenneco Oilfield located four (4) miles south of Stroud, Oklahoma. When they arrived at the yard, they discovered that it was closed, so Williams cut the gate open and drove the pickup he and appellant were using into the yard. Appellant and Williams loaded a large quantity of oilfield equipment onto the truck bed while East watched the entrance in his pickup. After the equipment was loaded, they drove to a pasture owned by East's father about eleven (11) miles away and unloaded the equipment and covered it with a tin cover.

■ For his first assignment of error appellant asserts that the trial court improperly overruled his motion for mistrial which was based on the State's failure to produce exculpatory evidence. Specifically, he argues that the prosecution failed to disclose that plastic castings and photographs of tire tracks and fingerprints had been obtained at the scene of the crime.

This Court, in *Behrens v. State*, 699 P.2d 156, 157 (Okl.Cr.1985), held that:

It is true that under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), when the defense has requested disclosure of specific evidence, and that evidence is material either to guilt or punishment and is favorable to the accused, due process is violated irrespective of the good faith or bad faith of the prosecutor if he fails to make the disclosure. Materiality requires that the evidence requested might have changed the verdict; a mere possibility of such is insufficient. *Agurs*, supra [427 U.S.] at 109–110, 96 S.Ct. at 2400.

There is, of course, no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). The suppressed evidence must be of sufficient probative value to create a reasonable doubt of defendant's guilt. *Hall v. State*, 650 P.2d 893 (Okl.Cr.1982).

In this case, the appellant first elicited the alleged exculpatory evidence during cross-examination of a State's witness, and then requested the court to suppress the evidence. The trial court granted appellant's motion on the condition that defense counsel make no remarks in final argument concerning whether the evidence was offered in evidence or was not offered. The next day, appellant, after reconsidering the matter, requested the trial court to declare a mistrial because of the State's failure to disclose the evidence revealed by the State's witness. In overruling appellant's motion, the trial court stated:

[T]here's no presumption that that evidence is necessarily exculpatory. It may or may not be. You became aware of it yesterday, at least, and I would assume that even at that late date you would have had the right to subpoena it in or ask them as of yesterday to produce it, which you did not do at that point, and the Court has no way of knowing whether that evidence may or may not be exculpatory until such time as the evidence may be viewed and can be determined whether it were or were not, and so for that reason or for those reasons, the motion will be denied and your exception noted. (Tr. 129–130).

We agree with the trial court's ruling; therefore, this assignment of error is meritless.

■ Appellant next contends that improper prosecutorial comments during closing argument deprived him of a fair trial and require reversal or modification. Initially, we observe that due to the failure to object all error not of a fundamental nature has been waived. *Raymond v. State*, 717 P.2d 1147 (Okl.Cr.1986). In light of the

overwhelming evidence of guilt, we are of the opinion that none of the remarks are so fundamentally prejudicial that the court could not, by instructions to the jury, correct the error. Therefore, this assignment of error is without merit.

Finally, appellant urges that the trial court erred in refusing to suspend all of his three year sentence. He maintains that since both co-defendants, who pled guilty, received suspended sentences he should have had all of his sentence suspended too; and that all of his sentence was not suspended because the trial judge was punishing him for exercising his right to a jury trial. We disagree. Appellant received a sentence of only three (3) years which is well below the ten (10) year maximum prescribed by 21 O.S.Supp.1982, § 1722, and the trial court suspended two and one-half (2½) years of the sentence. Moreover, there is absolutely nothing in the record to indicate that the trial judge was punishing appellant for exercising his right to a jury trial. Accordingly, we decline to disturb the trial court's sentence. *See Howell v. State*, 632 P.2d 1223 (Okl.Cr.1981). This assignment is groundless.

The judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., specially concurs.

BRETT, Presiding Judge, specially concurring.

While I believe this conviction should be affirmed, appellate counsel is admonished that he may resort to the provisions of 22 O.S.1981, § 994, within ten days from the date of issuance of the mandate of this Court, for suspension of the six months directed to be served.