968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Lynn LEWIS, Plaintiff-Appellant,
v.
Michael D. PARSONS; and Attorney General, State of
Oklahoma, Defendants-Appellees.
 No. 91-6009.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1992.
 
 Before MOORE, ENGEL* and TACHA, Circuit Judges.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Robert Lynn Lewis, a prisoner of the State of Oklahoma, appeals the denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. He claims his convictions of murder in the second degree and unlawful delivery of a controlled dangerous substance were obtained in violation of rights secured by the United States Constitution. We affirm.
 
 
 2
 Robert Lewis and Dennis Ford had been friends and joint drug users for years before the events which brought this case to us. On the evening during which those events occurred, Mr. Lewis, Mr. Ford, and Julie Skaggs had been injecting themselves with controlled substances for some time when it was decided they would try to obtain more cocaine for the two men. The three drove to an apartment complex where Mr. Lewis disappeared, returning about an hour later in a higher state of intoxication than when he left, but in possession of a rock of cocaine which he gave to Mr. Ford.
 
 
 3
 Returning to Mr. Ford's home, the three went into a bedroom where Mr. Lewis mixed doses of cocaine from the rock and then injected himself and Mr. Ford. Mr. Ford, noting he was not obtaining the same reaction to the drug as his friend, asked for another dose. According to Ms. Skaggs, Mr. Lewis did not measure the amount of cocaine he mixed for this administration, although he had done so carefully with all other injections he had prepared that night.
 
 
 4
 While concocting the injection, Mr. Lewis told his friend if he could not "get off" on this mixture he could not "get off" on anything. After receiving the injection, Mr. Ford went into convulsions and died. Post-mortem toxicology established that his bloodstream contained slightly less than twice the average lethal dose of cocaine.
 
 
 5
 The state charged Mr. Lewis with murder in the second degree by an act "eminently dangerous to another person and evincing a depraved mind, regardless of human life." The state later filed an amended information charging Mr. Lewis with killing Mr. Ford during "the commission of a felony, to-wit: delivery of controlled substance ... by injecting said DENNIS ROBERT FORD with an overdose of cocaine." On the day before trial, a second amended information was filed combining both the "depraved mind" and the "delivery" theories. At trial, the jury was instructed on both theories.
 
 
 6
 In this court, Mr. Lewis argues he could not have been found guilty of the "delivery" method because, as a matter of law, it would have been impossible for him to "deliver" to Mr. Ford what Mr. Ford already had in his possession. Petitioner theorizes Mr. Ford had continuous possession of the rock of cocaine from which the fatal dose was prepared from the time Mr. Lewis gave it to him to the time of his death. Thus, petitioner contends, it would have been legally impossible for him to effect the delivery of the substance that resulted in Mr. Ford's death. That issue is raised for the first time in this court and presents no compelling challenge to petitioner's imprisonment; therefore, we will not consider it. United States v. Strahl, 958 F.2d 980, 983 (10th Cir.1992).[1]
 
 
 7
 Mr. Lewis next argues his trial on the second amended information was fundamentally unfair because a state court magistrate had dismissed the "depraved mind" theory following a preliminary hearing. Although the state trial court accepted and filed the second amended information, Mr. Lewis suggests the magistrate's act of dismissal deprived the trial court of subject matter jurisdiction over the "depraved mind" theory.
 
 
 8
 We reject out of hand any notion that the trial court did not have subject matter jurisdiction over the offense of conviction because, despite what the magistrate did or did not do, jurisdiction was conferred upon filing of the second amended information. The question, then, is whether there was something unfair in proceeding to trial on that pleading.
 
 
 9
 While the parties strain over whether the magistrate actually dismissed the state's "depraved mind" theory,[2] the issue is whether petitioner was constitutionally disadvantaged by having to proceed with trial. Given that state law permits the amendment of a charging document even at the start of trial, Behrens v. State, 699 P.2d 156, 158 (Okla.Crim.App.1985), we are confined to what consequences resulting from the amendment are disclosed in the state record.
 
 
 10
 When the second amended information was filed, petitioner's trial counsel moved for a continuance. The court inquired of counsel whether he would need to obtain additional witnesses as a result of the amendment, and counsel responded he was not sure. Counsel did state, however, that the defense was to be that Mr. Ford injected himself and Mr. Lewis did not administer the overdose.[3] Acknowledging his defense would be the same under either prosecution theory, counsel concluded additional witnesses would not be required. Noting concern over possible prejudice to the defendant, the court deferred ruling on the motion and arraigned Mr. Lewis on the second amended information, subject to any additional argument counsel might want to make the next day after consulting his client and the law. No renewal of the motion for continuance is evident in the record, and the trial apparently went forward without further contest.
 
 
 11
 On the basis of these facts, we fail to see a constitutional error in either the amendment of the information or the failure to grant the motion for continuance.[4] Given the nature of the defense and the obvious strategy which would follow, the addition of a theory of prosecution had little effect on that aspect of the defense case. Because Mr. Lewis testified Mr. Ford injected himself, the jury was apparently only called upon to determine who committed the fatal act. Thus, Mr. Lewis' present argument that the state's changes in its theory of prosecution impaired his defense seems to be an academic afterthought.
 
 
 12
 Moreover, we cannot conclude the state court abused its discretion by not ruling upon a motion for a continuance which was not pressed by the defense. Even had the motion been denied, the state court gave the defense an ample opportunity to demonstrate the need for a continuance, and none was forthcoming. Under those circumstances, there was no abuse of discretion.
 
 
 13
 Mr. Lewis next argues his conviction on the murder charge is constitutionally defective because the verdict does not clearly indicate the jury unanimously found him guilty on one or the other theories of guilt. He maintains some jurors may have concluded he feloniously delivered cocaine while others may have decided he acted with a depraved mind. Thus, he argues, his right to a unanimous verdict was denied. Petitioner ignores Schad v. Arizona, --- U.S. ----, 111 S.Ct. 2491 (1991).
 
 
 14
 In that case, a state court defendant argued his first degree murder conviction was constitutionally impaired because the instructions did not require the jury to agree unanimously on one of the alternative theories under which they could convict him of murder in the first degree. The conviction was affirmed with a plurality of the court holding the constitution does not require a unanimous decision on alternative theories. Because murder in the first degree is a single crime, notwithstanding it can be committed by alternative means, the plurality concluded jurors need not agree on the means by which the crime was committed. That view was supported by Justice Scalia, although he reached the conclusion from an historical perspective rather than by a constitutional analysis. Nonetheless, we are left with recent Supreme Court precedent undercutting the contention Mr. Lewis advances here.[5]
 
 
 15
 Finally, Mr. Lewis contends he was deprived of the effective assistance of counsel. The federal district court held petitioner "does not set forth any allegations as to how counsel's performance was defective, or how he was prejudiced by the alleged defective representation." Petitioner's only argument here is that this issue should not have been decided without an evidentiary hearing.
 
 
 16
 It remains uncontested that in the federal district court Mr. Lewis' claim was only stated in conclusory fashion and that he set forth neither facts nor reasons for the contention. The district court was not obliged to set the conclusory claim for hearing in the absence of factual support. Nevertheless, the court reviewed the allegations of counsel's deficiencies that petitioner raised in his state appeal and concluded they did not satisfy petitioner's burden under Strickland v. Washington, 466 U.S. 668 (1984). We agree with that conclusion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Albert J. Engel, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The argument is not compelling for several reasons, not the least of which are, that under the state's theory, Mr. Lewis "delivered" cocaine in the form of an injection; that Mr. Ford surrendered possession of the rock to Mr. Lewis so Mr. Lewis could prepare an injection; and that Mr. Lewis acted with a depraved mind. By stating these circumstances, we do not suggest they solve the questions raised by petitioner, but that they indicate this is not a case for departing from the customary rule of requiring issues to be presented to the district court prior to appeal
 
 
 [2]
 The Oklahoma Court of Criminal Appeals specifically held the charge was not dismissed. Lewis v. State, No. F-87-319, slip op. at 2 (Okla.Crim.App. Dec. 15, 1988) (Appendix XV)
 
 
 [3]
 It is not clear whether this was the only defense. Although the facts suggest the possibility of accidental homicide or diminished capacity defenses, the record is silent on those matters
 
 
 [4]
 Actually, there was never a ruling on the motion; thus, we cannot say it was denied. The trial simply went forth without further protest from Mr. Lewis
 
 
 [5]
 Petitioner also advanced a related merger argument, but we see no merit in the contention